Taylor Baxter SMITH III, Appellant
(Defendant),

v.

Sharry Ann ROBINSON, f/k/a Sharry
Ann Smith, Appellee (Plaintiff).

No. 95–238.

Supreme Court of Wyoming.

March 7, 1996.

Kevin D. Huber of Kirkwood, Nelson & Huber, P.C., Laramie, for Appellant.

Peter G. Arnold of Riske & Arnold, P.C., Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY and TAYLOR, JJ.

MACY, Justice.

Appellant Taylor Smith III (the husband) appeals from the district court's denial of his motion to stay the writ of continuing garnishment which was issued when Appellee Sharry Robinson, f/k/a Sharry Smith (the wife) tried to collect on her judgment against the husband.

We affirm.

## ISSUES

The husband presents the following issues for our review:

I. Whether a Judgment obtained before an individual[']s statutory time frame to respond has expired is void for lack of procedural due process.

II. Whether an individual is obligated to make alimony payments after the spouse entitled to receive the alimony remarries.

III. Whether the Court can modify an agreement between two parties under the guise of interpretation.

## FACTS

The husband and the wife divorced on November 18, 1985. The divorce decree ordered the husband to pay the wife $500 per month for four years. In December of 1985, the wife remarried. Since the husband had failed to make any payments, the wife filed a

motion on November 26, 1991, to have the divorce decree converted to a judgment, wherein she alleged that the husband was in default in the amount of $24,000 on the monthly payments. On November 25, 1991, the wife mailed copies of the notice of the motion, her affidavit, and the motion to the husband's attorney of record, and she mailed a copy of the notice of the motion to the husband. On December 4, 1991, the wife sent file-stamped copies of the notice, affidavit, and motion to the husband, and he received them on December 10, 1991. The district court granted the wife's motion on December 23, 1991.

The parties signed an agreement on February 28, 1992, wherein the husband agreed to pay $24,000 to the wife and the wife promised not to execute against the husband's property or accounts. The husband failed to meet his obligations under the agreement; consequently, the wife commenced garnishment proceedings on December 9, 1994. On January 9, 1995, the husband moved the district court to stay the wife's writ of continuing garnishment and to vacate the order which converted the divorce decree to a judgment. The district court denied the husband's motions. The husband appeals from that decision.

## DISCUSSION

### A. Opportunity to be Heard

The husband claims that he was served on December 10, 1991, with the wife's motion to have the divorce decree converted to a judgment and that he had twenty-three days in which to respond. He maintains that the district court erred when it granted the wife's motion before his time to respond to the motion had expired and that, therefore, the judgment was void for lack of procedural due process.

■ Service by mail is complete when a motion has been put into the mail. W.R.C.P. 5(b). We conclude that service of the wife's motion was complete on November 25, 1991, when she placed copies of the notice, her affidavit, and the motion into the mail to the husband's attorney of record. The husband had twenty-three days thereafter in which to serve a response. W.R.C.P. 6(e). Since we exclude the day of the mailing, the response time began to run on November 26, 1991. W.R.C.P. 6(a). The husband, consequently, should have responded to the motion no later than December 18, 1991. Since he did not respond, the district court did not violate his due process rights when it determined the motion on December 23, 1991.

### B. Monthly Payments

The husband contends that the monthly payments required by the divorce decree were alimony payments and that, since the wife remarried so soon after the divorce was granted, he was not obligated to make any of the payments. He also claims that, since the property settlement agreement was not ambiguous and clearly stated that the payments were alimony, the district court erroneously considered parol evidence in interpreting the unambiguous agreement. The wife counters by arguing that the parties intended for the monthly payments to be a property settlement rather than alimony and that, even if the payments were alimony, the husband could not cancel the obligation without obtaining an order from the district court.

■ We reiterate at this point that the husband signed an agreement wherein he agreed to pay the wife $24,000 together with interest at the rate of ten percent per year in exchange for the wife's promise not to execute on her judgment. We, therefore, consider the parties' arguments to be irrelevant. The husband entered into an enforceable contract with the wife. It does not matter whether the payments were intended to be alimony or whether they were intended to be a property settlement. The husband's obligation, consequently, still exists.

■ For the sake of clarity, we note that, assuming without deciding that the payments were intended to be alimony, since the decree did not provide for the payments to automatically terminate upon the wife's remarriage, the sole remedy the husband had available to him was to petition the district court to modify the divorce decree. *Swetich v. Smith*, 802 P.2d 869, 871 (Wyo.1990). Although remarriage can be considered to be a

change of circumstance sufficient to justify a modification of the divorce decree, it does not automatically cancel the obligation. *Id.*

## C.  W.R.A.P. 10.05 Sanctions

The wife asserts that the husband did not have a reasonable cause for this appeal and, therefore, requests that she be awarded attorney's fees, costs, and damages pursuant to W.R.A.P. 10.05. We cannot certify that no reasonable cause existed, and we, therefore, deny the wife's request.

## CONCLUSION

We hold that the district court's denial of the husband's motion to stay the writ of continuing garnishment which was issued in favor of the wife is affirmed.