Gary A. LIPPS, Appellant (Plaintiff),

v.

Devon Marie LOYD, f/k/a Devon Marie Lipps, a/k/a Devon M. Lipps, Appellee (Defendant).

No. 98–43.

Supreme Court of Wyoming.

Nov. 25, 1998.

Donna A. Murray, Cheyenne, for Appellant.

\* Retired November 2, 1998.

Ronald E. Triggs of Law Offices of Ronald E. Triggs, PC, Cheyenne, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,\* JJ.

MACY, Justice.

Appellant Gary Lipps (the husband) appeals from the district court's determination that the alimony provisions of a separation agreement entered into by the husband and Appellee Devon Loyd (the wife) were valid and enforceable.

We affirm.

## ISSUE

The husband presents a single issue for our review on appeal:

> Did the district court err when it determined a property settlement agreement entered into in anticipation and settlement of a Colorado divorce, which divorce was deemed void by the district court, was a valid contract separate from the void divorce decree?

## FACTS

The husband married the wife on December 23, 1989, and one child was born as issue of the marriage. In June 1992, the husband and the wife, who were at that time living in South Dakota, separated. The wife subsequently moved to Colorado, and she filed a petition for a divorce in a Colorado district court on August 18, 1992. The wife stated in her petition that she had been domiciled in Colorado for ninety days before she commenced the divorce action. The husband signed a waiver and acceptance of service, consenting to the Colorado court's jurisdiction.

The parties entered into a separation agreement on April 12, 1993. They agreed that the wife would have sole custody of the child and the husband would have liberal visitation rights. The husband agreed to pay child support and spousal support to the wife. The separation agreement also addressed the

division of the parties' property and the division of their debts and obligations. The magistrate of the Colorado district court approved the parties' separation agreement in the decree of dissolution of marriage nunc pro tunc that he entered on May 12, 1993. The husband subsequently remarried.

On November 17, 1994, the husband filed the Colorado divorce decree and the separation agreement in the Wyoming district court. He also filed a petition for a modification of the decree, requesting that the district court modify the visitation and alimony provisions of the separation agreement. The district court did not resolve the modification issues.

On April 10, 1995, the husband filed a complaint against the wife under a new docket number. He claimed that the Colorado divorce decree should be set aside because the wife had falsely and fraudulently obtained it. The husband maintained that the wife had falsely stated in her divorce petition that she had been domiciled in Colorado for ninety days before she commenced her divorce action. He argued, therefore, that the Colorado court did not have jurisdiction to enter the divorce decree.

On December 1, 1995, the husband filed a motion for a summary judgment, maintaining that he was entitled, as a matter of law, to have the Colorado divorce decree set aside. After the district court held a hearing, it issued a decision letter and an order granting the husband's motion for a summary judgment in part and denying it in part. The district court determined that the Colorado divorce decree was void because the Colorado court did not have subject matter jurisdiction. Notwithstanding the invalidity of the divorce decree, the district court determined that the parties were bound by the separation agreement.

The district court granted the wife leave to file a counterclaim for a divorce, and she filed her counterclaim on March 7, 1996. The wife also filed a motion for a summary judgment, requesting that the district court grant her a divorce from the husband. The district court issued a divorce decree on February 28, 1997, that incorporated all the terms of the separation agreement except for the child

visitation provisions and the spousal support provisions. The district court modified the separation agreement by giving the husband the right to visit the child in accordance with the standard visitation order.

The district court directed the parties to file briefs on the spousal support issue. After the parties filed their briefs, the district court held a hearing to consider the wife's right to receive spousal support. On December 17, 1997, the district court awarded spousal support to the wife in accordance with the parties' separation agreement. The husband appealed to this Court from the district court's alimony order.

## DISCUSSION

The husband contends that the district court erred when it determined that he was bound by the terms of the separation agreement. The wife argues that the separation agreement was valid and enforceable. We agree with the wife; the district court correctly determined that the separation agreement was binding upon the parties.

Spouses may define their obligations to one another in a written agreement. *David v. David,* 724 P.2d 1141, 1143 (Wyo.1986); *see also In re C.G.G.,* 946 P.2d 603, 606 (Colo.Ct.App.1997). The courts favor property settlement agreements that the spouses have entered into prior to commencing divorce actions. *David,* 724 P.2d at 1143. The divorce decrees usually recognize and incorporate these agreements. *Id.; Prentice v. Prentice,* 568 P.2d 883, 886 (Wyo.1977). In defining the parties' relative obligations to one another, one spouse may agree to pay spousal support or alimony to the other spouse. *Smith v. Robinson,* 912 P.2d 527, 528 (Wyo.1996). As long as it meets the requirements for a valid contract, an agreement for spousal support is enforceable as a contractual obligation. *Id.*

We apply our well established rules of contract interpretation to determine the spouses' intention as articulated in their agreement. *Crawford v. Crawford,* 757 P.2d 563, 566 (Wyo.1988); *see also Johnson v. Johnson,* 717 P.2d 335, 338 (Wyo.1986).

When a written agreement is clear and unambiguous, this Court derives the parties' intent from the plain language of the agreement and does not resort to extrinsic evidence to interpret the agreement. *Crawford*, 757 P.2d at 566. We construe the language of a clear and unambiguous agreement as a matter of law. *Id.*

The separation agreement stated: "It is the desire of the parties to settle all rights to each other's property and to agree on all issues which have arisen during their marriage." It also stated: "**BOTH PARTIES REQUEST THE COURT TO ENTER A DECREE OF DISSOLUTION OF MARRIAGE IN THIS ACTION WITH OR WITHOUT THE APPEARANCE OF EITHER PARTY.**" The husband specifically takes issue with the alimony or spousal support provisions of the separation agreement. The pertinent spousal support provision stated:

4.2 The husband waives any and all rights to spousal support or maintenance. He understands this issue will not be raised by him at any time or in any court henceforth and forever. The wife is entitled to spousal support or maintenance. The husband will pay directly to the wife maintenance payments in the amount of $365.00 per month. The payments will be made in two equal installments of $182.50, by the first and fifteenth days of each month commencing March 1, 1992. **THE PARTIES SPECIFICALLY AGREE THAT THIS ISSUE IS CONTRACTUAL BETWEEN THEM AND WILL NOT BE MODIFIED BY ANY COURT AT ANY TIME HENCEFORTH AND FOREVER.**

The husband contends that the consideration for the separation agreement was the Colorado divorce decree. He claims, therefore, that the separation agreement was not supported by consideration because the Wyoming district court declared that the Colorado divorce decree was void.

An Illinois appellate court faced a similar situation in *In re Marriage of Vella*, 237 Ill.App.3d 194, 177 Ill.Dec. 328, 603 N.E.2d 109 (Ill.App.Ct.1992). In 1984, the parties in that case executed a marital settlement agreement in anticipation of being awarded a divorce. 177 Ill.Dec. 328, 603 N.E.2d at 110. The parties' divorce action was subsequently dismissed for want of prosecution, and the parties attempted to reconcile. *Id.* Failing in their bid for reconciliation, the parties divorced several years later. *Id.* The Illinois appellate court held, in the later divorce proceeding, that the 1984 marital settlement agreement was valid and enforceable even though the parties had executed it in anticipation of the original divorce action. 177 Ill.Dec. 328, 603 N.E.2d at 112. The court determined that the agreement was valid because it "was not made expressly dependent upon the entry of a divorce decree" in the original divorce action. *Id.* *See also Lindsay v. Lindsay*, 91 Wash.App. 944, 957 P.2d 818, 822 (Wash.Ct.App.1998) (holding that the effectiveness of the parties' separation agreement was not contingent upon a divorce proceeding).

■ In the case at bar, the parties requested, in the separation agreement, that the Colorado court enter a divorce decree. The separation agreement did not state, however, that the agreement would not be operative unless the Colorado court entered a valid divorce decree. In fact, the plain language of the separation agreement pronounced that the husband and the wife sought to settle all the issues that had arisen between them during their marriage. Consistent with the other terms of the separation agreement, the emphasized language of the spousal support provision made it exceedingly clear that the spousal support obligation was contractual between the parties.

The settlement of claims between parties is sufficient consideration to form a binding contract. *Kinnison v. Kinnison*, 627 P.2d 594, 596 (Wyo.1981). We conclude, therefore, that, once the parties executed the separation agreement, which settled all the outstanding issues between them, the agreement became an enforceable contract. The issuance of a valid divorce decree by the Colorado court was not required to make the separation agreement effective, and the invalidity of the divorce decree did not affect the parties' contractual obligations.

The husband also contends that the district court incorrectly ordered him to pay spousal support or alimony to the wife without determining the wife's need for support or his ability to pay the support. WYO. STAT. ANN. § 20–2–114 (1997) addresses a district court's right to award alimony. That statute states:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

Section 20–2–114. In determining whether a spouse is entitled to be awarded alimony, the district court considers objective criteria including "the ability of the payor spouse to pay and the necessity of support for the payee." *Sellers v. Sellers*, 775 P.2d 1029, 1032 (Wyo.1989). *See also Reavis v. Reavis*, 955 P.2d 428, 435 (Wyo.1998).

In arguing that the district court should have applied the objective criteria in determining whether the wife was entitled to be awarded spousal support, the husband ignores the fact that he expressly contracted to pay spousal support to the wife. The spousal support provision was just one part of the separation agreement that delineated the husband's and the wife's obligations to one another. Under the circumstances of this case, the district court properly deferred to the parties' judgment regarding their commitments to one another and correctly declared that the separation agreement was valid.[1]

Finally, the husband asserts: "An award of alimony for life, to a healthy, young woman, based upon a Separation Agreement entered in a voided Colorado divorce action, and not based upon need or ability to pay, should shock the conscience of this Court." The husband's argument does not have merit. We have already stated that the separation agreement was a valid, enforceable contract. The separation agreement does not appear, on its face, to be manifestly unfair or unjust. The district court's award of alimony on the basis of the separation agreement, therefore, does not shock the conscience of this Court.

Affirmed.

---

1. We recognize that, in Wyoming, alimony can be modified even if it was originally established in a separation agreement. *Dorr v. Newman*, 785 P.2d 1172, 1178 (Wyo.1990).