Josephine Marie NEVILLE,
Appellant (Defendant),

v.

Frank D. NEVILLE, Appellee (Plaintiff).

No. 99–282.

Supreme Court of Wyoming.

July 18, 2000.

Representing Appellant: E. James Burke of Burke, Woodard & O'Donnell, P.C., Cheyenne, Wyoming.

Representing Appellee: Richard G. Miller of Richard G. Miller, P.C., Casper, Wyoming.

Before LEHMAN, C.J., THOMAS, MACY *, and HILL, JJ., and DAN SPANGLER, D.J. (RET.).

SPANGLER, District Judge (Retired).

Following a divorce trial, Appellant Josephine Neville (the wife) claims that she was not granted sufficient alimony. Finding no abuse of discretion by the trial court, we affirm.

## THE ISSUE

The wife presents this issue:

I. The Nevilles were married for 34 years. Mrs. Neville was unemployed for the vast majority of the 34 year marriage

* Retired June 2, 2000.

of the parties. During the marriage, by agreement of the parties, her primary responsibilities were homemaker and caretaker for Mr. Neville and the parties' three children. Now unemployed, her reasonable earning capacity is $24,000 per year. Mr. Neville is a respected Wyoming attorney, at the pinnacle of his profession, who earns $160,000 annually plus benefits. It was undisputed that fault for the divorce rests with Mr. Neville. Did the District Court abuse its discretion in failing to award adequate spousal support to Mrs. Neville?

## THE FACTS

The parties were married in 1964. Appellee Frank Neville (the husband) was a student at Casper College. He finished that schooling and later graduated from the University of Wyoming Law School. His present average annual income as an attorney is approximately $160,000, plus benefits.

The wife had a high school education at marriage. She served primarily as a mother and homemaker during the marriage. In 1992, she began taking courses at Casper College and obtained an associate's degree in applied science. She is now a registered nurse. She was so employed for fourteen months in 1997 and 1998 at an annual salary of approximately $24,000.

Both parties were fifty-four years of age at the time of the divorce trial, July 29, 1999. The husband was in good health. The wife suffered from depression, along with ankle, back, and weight problems.

## THE TRIAL COURT DISPOSITION

The wife was granted the divorce. She was awarded assets valued at nearly $500,000 and no debts. The wife acknowledges that she received at least $77,470 more in net assets than the husband received. The husband was required to pay alimony of $1,000 per month for thirty-six months. He was also required to pay the wife's health insurance premiums under COBRA, unless health insurance became available to the wife at no cost through an employer.

## STANDARD OF REVIEW

The trial court's decision regarding alimony will not be overturned unless the record demonstrates that a procedural error occurred or that the trial court abused its discretion. *Scherer v. Scherer*, 931 P.2d 251, 253–54 (Wyo.1997). A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. *Raymond v. Raymond*, 956 P.2d 329, 331 (Wyo.1998).

## DISCUSSION

The wife contends that she should have been awarded alimony of $4,000 per month for twelve years instead of $1,000 per month for thirty-six months.

The pertinent portion of Wyo. Stat. Ann. § 20-2–114 (LEXIS 1999) states: "The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability." The controlling factor is the ability of the other spouse to pay alimony, though other matters may be considered. *Bailey v. Bailey*, 954 P.2d 962, 967 (Wyo.1998) (citing *Hendrickson v. Hendrickson*, 583 P.2d 1265, 1267 (Wyo.1978)). The purpose of alimony is to provide a post-divorce substitute for the support provided to a spouse during the marriage. *Sellers v. Sellers*, 775 P.2d 1029, 1032 (Wyo.1989). It is for the support and maintenance of a former spouse who is unable to adequately provide for himself or herself. *Id.* An award of property is a preferable modern substitute for alimony. *Id.* The objective criteria for an award of alimony include the ability of the payor spouse to pay and the necessity of support for the payee. *Id.*

The wife argues that, in the case of *Triggs v. Triggs*, 920 P.2d 653 (Wyo.1996), this Court upheld an award of alimony for a period of eight years and established that alimony is designed to provide the dependent spouse with a standard of living comparable to what that spouse enjoyed during the term of the marriage. However, the award of alimony and the amount thereof were not issues on appeal in the *Triggs* case. Instead, the husband was claiming that his alimony payments to the wife should be included in her income for purposes of establishing the

joint child support obligation of the parties. The opinion cites the case of *Koelble v. Koelble*, 261 N.J.Super. 190, 618 A.2d 377 (1992), for the proposition that the policy behind an award of alimony is to provide the dependent spouse with a standard of living comparable to what the spouse enjoyed during the term of the marriage, not to support the children. Accordingly, this Court agreed with the New Jersey court that alimony is to be excluded from child support calculations if it is being received from the supporting parent. Therefore, the circumstances of the *Triggs* case do not assist the wife here in establishing that she is entitled to increased alimony.

The wife discusses various factors including fault, the condition in which the parties will be left by the divorce, the husband's ability to pay, and the wife's needs. The record shows that the trial court received evidence on these matters and took them into account in arriving at its decision. Viewing the situations of the parties, the property settlement, and the alimony awarded, we are not persuaded by the wife that the trial court exceeded the bounds of reason under the circumstances or that it otherwise abused its discretion. Therefore, the decision of the trial court is affirmed.