**Brad E. JOHNSON, Appellant (Plaintiff),**

v.

**Linda J. JOHNSON, Appellee (Defendant).**

No. 99–334.

Supreme Court of Wyoming.

Oct. 12, 2000.

Representing Appellant: Richard H. Peek, Casper, WY.

Representing Appellee: No appearance.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Brad Johnson filed a complaint for divorce. The trial court granted the divorce to Mr. Johnson, divided the marital property, and awarded Linda Johnson alimony in the amount of $1,200 per month for eight years. Mr. Johnson appeals this award. Finding no abuse of discretion by the trial court, we affirm.

* Retired June 2, 2000.

### ISSUES

Appellant presents this statement of the issues:

1. Did the trial court abuse its discretion by awarding the Appellee alimony?

2. If the trial court did not abuse its discretion in awarding alimony, did it abuse its discretion in awarding the amount to be paid?

Appellee did not file a brief with this court.

### FACTS

The Johnsons were married on January 12, 1979, and had two grown sons at the time of trial. Mr. Johnson filed a complaint for divorce on October 22, 1998, which Mrs. Johnson answered *pro se* by arguing that she still loved her husband and believed their marital difficulties could be successfully resolved. Trial commenced on June 17, 1999. The court heard testimony that Mr. Johnson is the sole owner of two businesses, one of which is Covenant Insurance Group, Inc. (Agency) valued by his accountant during trial at $125,000. Mr. Johnson's accountant testified that he arrived at the fair market value for the Agency by imputing a reasonable annual salary of $80,000 to its sole owner. Mr. Johnson testified that he paid himself an annual income of approximately $63,000. Mrs. Johnson, on the other hand, had a limited employment history but had been employed by the Agency with a gross income of approximately $1,600 per month until her termination by Mr. Johnson in October of 1998. During the marriage, Mrs. Johnson had become licensed as an aesthetician, cosmetologist, and nail technician. She was employed in that capacity in Saratoga at the time of trial, and testified that her average net monthly income was roughly $800. In addition to personal property, the Johnsons owned three parcels of real property: the marital residence in Casper; a cabin on Casper Mountain; and a half interest in a Buhl, Idaho home co-owned by Mrs. Johnson's mother.

In its decree, the trial court granted Mr. Johnson his requested divorce and ordered that, per the parties' general agreement, the marital residence and the cabin should be sold and the equity applied to pay off any existing debt in the Buhl, Idaho home. Any remaining net proceeds of these sales were to be divided equally between the parties. In addition to his personal property, Mr. Johnson was awarded as his sole and separate property, the businesses, including the Agency. Aside from her personal property, Mrs. Johnson was awarded the parties' half interest in the Buhl, Idaho home and alimony of $1,200 per month for eight years, totaling $115,200.

## STANDARD OF REVIEW

 There are few rules more firmly established in our jurisprudence than the proposition that disposition of marital property, calculation of income for child support purposes, and the granting of alimony are within the sound discretion of the trial court. *Bailey v. Bailey*, 954 P.2d 962, 965 (Wyo. 1998) (citing *Scherer v. Scherer*, 931 P.2d 251, 254 (Wyo.1997); *Triggs v. Triggs*, 920 P.2d 653, 656 (Wyo.1996); and *Kennedy v. Kennedy*, 761 P.2d 995, 997 (Wyo.1988)). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Carlton v. Carlton*, 997 P.2d 1028, 1031 (Wyo.2000); *Thomas v. Thomas*, 983 P.2d 717, 719 (Wyo. 1999) (citing *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)). We must ask ourselves whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Thomas*, 983 P.2d at 719. In accomplishing our review, we consider only the evidence in favor of the successful party in the trial court, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Bailey*, 954 P.2d at 965; *Grosskopf v. Grosskopf*, 677 P.2d 814, 818 (Wyo.1984).

## DISCUSSION

Mr. Johnson contends that the trial court abused its discretion when it rendered its award of alimony to Mrs. Johnson without sufficient evidence of his ability to pay, and her apparent need for, spousal support. Contrary to this contention, our review of the record discloses the evidence adequately supports the court's findings and award of alimony.

Wyo.Stat.Ann. § 20–2–114 (LEXIS 1999) governs the division of marital property and the award of alimony; it provides:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

 As appellant correctly notes in his brief, we have held that in determining whether a spouse is entitled to be awarded alimony, the trial court considers objective criteria including "the ability of the payor spouse to pay and the necessity of support of the payee." *Neville v. Neville*, 8 P.3d 1072, 1073 (Wyo.2000); *see also Lipps v. Loyd*, 967 P.2d 558, 562 (Wyo.1998); *Reavis v. Reavis*, 955 P.2d 428, 435 (Wyo.1998) (citing *Sellers v. Sellers*, 775 P.2d 1029, 1032 (Wyo.1989)). However, "the controlling factor is the ability of the other spouse to pay alimony, though other factors may be considered." *Neville*, 8 P.3d at 1073; *see also Bailey*, 954 P.2d at 967; *Hendrickson v. Hendrickson*, 583 P.2d 1265, 1267 (Wyo.1978); *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 39, 22 P.2d 199, 204 (Wyo.1933). In the instant case, the trial court in its decision letter made a specific finding that its award for alimony "is a sum which [husband] can afford particularly with

the evidence of the salary paid to [wife] during her employment with his agency, which employment was indicated to be solely for the purpose of providing her some money."

■ Appellant argues, in essence, that because the record lacks specific, particular testimony or findings as to Mrs. Johnson's monthly expenses and obligations, there is no evidentiary support for her apparent need of alimony.[1] We decline to constrain trial courts by appellant's narrow definition of the type of evidence appropriate to establish the "necessity of support of the payee."

■ The purpose of alimony is to provide a post-divorce substitute for the support provided to a spouse during the marriage. *Sellers v. Sellers*, 775 P.2d 1029, 1032 (Wyo. 1989); *Neville v. Neville*, 8 P.3d at 1073. It is for the support and maintenance of a former spouse who is unable to adequately provide for him/herself. *Id.* An award of property is a preferable modern substitute for alimony. *Sellers*, at 1032; *Broadhead v. Broadhead*, 737 P.2d 731, 739 (Wyo.1987). When alimony is awarded in the absence of a stipulated settlement between the parties, the record must reflect some evidence that alimony, with its special features, is needed. If the intent is to adjust the equities between the parties at the time of the divorce, property division, which may encompass a series of payments, is the preferable method. *Sellers*, at 1032; *Grosskopf*, 677 P.2d at 821.

However, this court has also held on more than one occasion that, "[t]here are times, of course, when a trial court may see fit to allow a wife less property than her fair share would be if property only were involved; and in order to even up the balance, the court may provide for alimony payments." *Young v. Young*, 472 P.2d 784, 787 (Wyo.1970).

The trial court reflected awareness of our jurisprudence on the subject and the prefer-ence for property division over alimony when it stated in its decision letter:

[T]he remaining issues concern the circumstances in which [wife] will be left, relative to those of [husband]. It was uncontroverted that [husband] will be able to generate an income of approximately eighty thousand dollars ($80,000) per year from the insurance agency, and it was at least implied that his income potential should increase. On the other hand, [wife] has limited experience and income potential, earning approximately eight hundred dollars ($800) per month in a good month. Given the length of the marriage and the disparate income potential, I believe that this is one of the limited circumstances in which alimony is appropriate.... There is a wide gap between the income potential of [husband] and that of [wife]. *There is also little or no way to adjust the division of the real and personal property to accommodate the potential income differences.*

(Emphasis added.)

In this case, the trial court awarded Mr. Johnson, as his separate property, two wholly owned businesses, which were formed during the course of the marriage. Appellant's own accountant valued one business, the Agency, at $125,000 with a reasonable income potential to its sole owner of $80,000 annually. Moreover, contemporaneously with Mr. Johnson's pursuit of the termination of his marriage, he terminated Mrs. Johnson's $1,600 monthly income from the Agency. At the time of trial, in stark contrast to Mr. Johnson's financial state, Mrs. Johnson's only source of income was a monthly salary of roughly $800 as an aesthetician, cosmetologist, and nail technician. Under these circumstances, we think there exists sufficient evidence indicating a "necessity of support of the payee," Mrs. Johnson. We do not find that the trial court abused its discretion in arriving at a just and equitable settlement by

---

1. The record in this case was dubiously settled pursuant to W.R.A.P. 3.03. It was submitted to the trial court by appellant and heavily slanted in his favor. Sometimes illegible pencil markings on the record indicate disagreement or clarification; however, this court cannot determine who made the pencil markings. Nonetheless, this record was accepted and settled with little amendment by the trial court. Inasmuch as we are limited in our review to the evidence contained within the record, we emphasize the necessity to exercise the utmost care in examination of proposed record settlements.

attempting to even up the parties' property by providing continuing support to appellee through its award of alimony.

■ We also reject appellant's argument that the trial court abused its discretion in setting the amount of its award to Mrs. Johnson. Based upon Mr. Johnson's earning potential, the fair market value of the Agency, Mrs. Johnson's financial situation, and the length of the marriage, $1,2000 dollars per month for eight years is not "beyond the bounds of reason." Likewise, despite Mr. Johnson's implication, we can find no evidence that Mrs. Johnson's crying during the hearing in any way influenced the trial court's decision.

Affirmed.