2001 WY 41

**Donald Dale BELLESS, Appellant (Defendant),**

v.

**Susan Mary BELLESS, Appellee (Plaintiff).**

No. 00–195.

Supreme Court of Wyoming.

April 19, 2001.

Representing Appellant: Steven R. Czoschke, Gillette, WY.

Representing Appellee: Lori A. McMullen and Jonathan A. Botten of Lonabaugh and Riggs, Sheridan, WY.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

KITE, Justice.

[¶ 1] Appellee Susan Belless (wife) filed a complaint for divorce. Following trial, the court granted the divorce. Appellant Donald Belless (husband) appeals and challenges the award of alimony to the wife. The alimony award provided for ten years of payments based on a graduated scale, which began at $1,200 per month and over time reduced to $1,000 per month. Finding no abuse of discretion, we affirm.

## ISSUE

[¶ 2] The husband presents the following issue for our review:

Did the District Court abuse its discretion when it ordered [the husband] to pay alimony in the amount and for the term specified?

The wife adopted the husband's statement of the issue.

## FACTS

[¶ 3] The parties were married on July 6, 1982, and no children were born of the marriage. However, each party brought two children into the marriage. Seventeen years later, the wife filed a complaint for divorce, citing irreconcilable differences, and the husband filed an answer. Prior to trial, the parties entered into a Property Settlement Agreement and Stipulation which resolved issues regarding the division of marital property and debts. The remaining issues of alimony and payment of the wife's attorney's fees proceeded to trial on April 26, 2000. Following trial, the court granted the divorce and approved and adopted the Property Settlement Agreement and Stipulation. In its decree, the trial court awarded alimony to the wife over a ten-year period on a graduated scale, which began at $1,200 per month and over time reduced to $1,000 per month. The husband timely appealed.

[¶ 4] During the marriage, the husband was employed by Burlington Northern Santa Fe Railway Company. In contrast, the wife was unemployed and testified that her primary role during the marriage was to rear their four children. The wife suffered from medical conditions, which limited her ability to work to only part-time sedentary occupations, and she had no formal education beyond receiving her GED. The evidence at trial revealed the husband had earned $98,377 in 1999. He further testified that his take-home pay was $5,800 per month and his monthly expenses were approximately $4,100.

[¶ 5] The wife desires to complete further education which would allow her to obtain a job within her medical constraints. Testimony at trial revealed the current cost for the wife to obtain a bachelor's degree is approximately $15,000. The wife testified at trial that she had approximately $1,281.45 in expenses per month which excluded any health care costs, medical prescription costs, and premiums for health and automobile insurance. The wife's costs for health and automobile insurance equate to an additional $353.08 per month, and, without prescription insurance coverage, her costs for prescriptions could exceed $1,220.29 per month. Thus, the wife's monthly expenses could total $2,854.82.

## STANDARD OF REVIEW

[¶ 6] There are few rules more firmly established in our jurisprudence than the proposition that disposition of marital property, calculation of income for child support purposes, and the granting of alimony are committed to the sound discretion of the

district court. *Johnson v. Johnson*, 11 P.3d 948, 950 (Wyo.2000). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.; Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). We must ask ourselves whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Johnson*, 11 P.3d at 950. In accomplishing our review, we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Id.*

## DISCUSSION

[¶ 7] In the sole issue presented in this case, the husband contends the trial court abused its discretion when it ordered him to pay alimony in the amount and for the term specified. The husband contends the ten-year term of alimony exceeds any time period discussed in the testimony and the trial court failed to provide a specific reason for the amount of time specified.

[¶ 8] Wyo. Stat. Ann. § 20–2–114 (LEXIS 2000) governs the division of marital property and the award of alimony:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

The purpose of alimony is to provide a post-divorce substitute for the support provided to a spouse during the marriage. *Johnson*, 11 P.3d at 951. It is for the support and maintenance of a former spouse who is unable to adequately provide for himself or herself. *Id.* An award of property is a preferable modern substitute for alimony. *Id.* While in some cases alimony may be a necessity, "under ordinary circumstances it should be recognized that one spouse should not have a perpetual claim on the earnings of the other; that divorce, insofar as possible should sever the ties of the parties and they should begin to start their lives anew." *Grosskopf v. Grosskopf*, 677 P.2d 814, 821 (Wyo.1984). When alimony is awarded in the absence of a stipulated settlement between the parties, the record must reflect some evidence that alimony, with its special features, is needed. *Johnson*, 11 P.3d at 951. If the intent is to adjust the equities between the parties at the time of the divorce, property division, which may encompass a series of payments, is the preferable method. *Id.*

[¶ 9] However, this court has also held on more than one occasion that " '[t]here are times, of course, when a trial court may see fit to allow a wife less property than her fair share would be if property only were involved; and in order to even up the balance, the court may provide for alimony payments.' " *Id.* (quoting *Young v. Young*, 472 P.2d 784, 787 (Wyo.1970)). We have held that, in determining whether a spouse is entitled to be awarded alimony, the trial court considers objective criteria including " 'the ability of the payor spouse to pay and the necessity of support of the payee.' " *Johnson*, 11 P.3d at 950 (quoting *Neville v. Neville*, 8 P.3d 1072, 1073 (Wyo.2000)).

[¶ 10] The pertinent provision of the trial court's decree is as follows:

Taking into consideration the condition each party will be left financially after the divorce, I order that alimony in the amount of $1,200 per month beginning June 1, 2000 shall be paid by the [husband]. This amount will reduce to $1,100 per month beginning June 1, 2003 and will then reduce to $1,000 per month beginning June 1, 2006 with the last payment due May 1,

2010. All payments shall be made through the clerk of court. The income withholding act shall apply and the amount may be deducted one-half out of each paycheck. The husband asks this court to consider the Property Settlement Agreement and Stipulation entered into by the parties which made the husband responsible for all of the marital debt, whereas the wife departed the marriage free of debt. However, the husband's testimony proved he had ample income to cover the alimony payments, and we can discern no evidence from the record to suggest otherwise.

[¶ 11] Furthermore, the husband's annual income of $98,377 is clearly disproportionate to the wife's unemployed status at the time of trial. The wife has only intermittent and insubstantial work experience, no formal education beyond a GED, no special skills or qualifications, and undisputed medical constraints. As a result, testimony at trial revealed that the wife could anticipate a minimum wage earning potential absent a bachelor's degree. As the wife correctly points out, it is entirely within the discretion of the trial court to award alimony during a transition period wherein the party requesting alimony may gain special skills, education, or experience to enable the party to raise his or her earning capacity. *Hendrickson v. Hendrickson,* 583 P.2d 1265, 1268 (Wyo.1978). A period of transition of ten years, during which the wife would receive alimony payments, does not appear unreasonable and will allow her to realize her goal of obtaining an education, thus increasing her earning potential. The evidence in the record indicates the necessity of support for the wife as she is unable to adequately provide for herself and the husband is able to provide such support.

[¶ 12] The wife appropriately compares the facts in this case to *Johnson* wherein we upheld alimony benefits that were awarded for eight years at $1,200 per month. 11 P.3d at 952. In that case, the appellant made less than the husband in the instant case, and the appellee had a job which provided a monthly salary of $800. 11 P.3d at 951. Based upon the earning potential of each party, we determined that $1,200 per month for eight years

was not beyond the bounds of reason. 11 P.3d at 952. We are compelled to reach the same result in this instance. The husband does not persuade us that the trial court failed to exercise sound judgment or otherwise abused its discretion by providing continuing support to the wife through an award of alimony.

[¶ 13] Affirmed.