2001 WY 62

**Ray Lynn PARSONS, Appellant (Defendant),**

v.

**Dixie Lee PARSONS, Appellee (Plaintiff).**

No. 00–247.

Supreme Court of Wyoming.

July 18, 2001.

Corinne A. Miller, Casper, WY, Representing Appellant.

Nena R. James, Rock Springs, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] In a divorce action, the district court ordered the sale of the marital real property to an identified, willing third party by an established deadline unless the husband arranged for the purchase before the deadline expired. The husband appealed claiming the district court acted arbitrarily. We affirm.

## ISSUES

[¶ 2] Appellant Ray Parsons (the husband) presents the following issue for our review:

I. Whether the district court acted arbitrarily and capriciously when it ordered the sale of the marital property in the divorce action.

Appellee Dixie Parsons (the wife) phrases the issues as:

1. Whether this appeal should be dismissed because Appellant has failed to comply with Rule 3.03, Wyo.R.App.P., and has thereby failed to provide an adequate record for review.

2. Whether this appeal should be dismissed because Appellant is raising new issues after failing to present testimony or other relevant evidence during the trial.

3. Whether the District Court abused its discretion or acted arbitrarily and capriciously in ordering the sale of real property in the First Supplemental Decree of Divorce Regarding Sale of Real Property and Improvements dated March 30, 2000.

4. Whether reasonable attorney's fees and damages to the Appellee should be assessed against Appellant under Rule 10.05, Wyo.R.App.P.

## FACTS

[¶ 3] After eleven years of marriage, the wife filed her complaint for a divorce on August 24, 1998. The couple owned a small ranch and associated personal property. Limited discovery occurred, and the matter was set for trial one year later, on September 10, 1999. The husband requested a continuance to allow his new attorney to enter the case. The trial was rescheduled for December 1, 1999.

[¶ 4] At trial, the wife presented four witnesses and introduced several exhibits relating to the value of their joint property including an appraisal of the real estate, which was valued at $311,705. One of the witnesses was Cynthia K. Smith who lived and worked on the couple's ranch and was willing to purchase the property for the appraised value. The wife concluded her case on December 1, 1999, and the trial was continued until December 13, 1999, at which time the husband informed the court that he would produce no testimony or other evidence. The parties used the scheduled trial time to discuss settlement and ultimately reached an agreement with regard to the distribution of the personal property but were unsuccessful concerning the real estate.

[¶ 5] The court informed the parties of its intent to order the sale of the real property to Ms. Smith at the appraised value unless, by December 27, 1999, the husband provided the court with: (1) his written bona fide purchase offer for the property at the appraised value together with verification of the necessary financing or (2) an offer from a third party at a price exceeding Ms. Smith's offer. Ms. Smith filed a written offer to purchase at the appraised value on Decem-

ber 21, 1999. The husband filed no objection to this procedure, and the court received no offer from him by the deadline. The court entered the Decree of Divorce on December 29, 1999, which included a provision that a supplemental decree of divorce would be entered to effectuate the division of the marital property and debts of the parties.

[¶ 6] On February 24, 2000, the husband filed an objection to the First Supplemental Decree of Divorce Regarding Sale of Real Property and Improvements in which he objected to Ms. Smith's offer "due to disagreement with several of the sales contract stipulations" although he confirmed the parties had agreed at the time of trial to sell the property. The court entered the supplemental decree on March 30, 2000, which set forth the order to sell the property to Ms. Smith as had been outlined at trial.

[¶ 7] The husband refused to accept Ms. Smith's written offer, and, on April 18, 2000, the wife filed a Petition for Order to Show Cause why the husband should not be held in contempt for refusing to comply with the court's order and sought attorney's fees incurred in the effort to enforce the order. After a hearing, the district court found the husband in contempt of its order. The clerk of court was also appointed, pursuant to W.R.C.P. 70, to act on behalf of the husband in accepting Ms. Smith's offer to purchase, and the husband was ordered to pay $641 to the wife's attorney for attorney's fees. The husband filed this appeal from the supplemental decree.

[¶ 8] The trial was not reported or recorded. The husband filed a Statement of the Case ostensibly pursuant to W.R.A.P. 3.08. However, since he apparently intended to provide a factual record, a statement of evidence pursuant to W.R.A.P. 3.03 would have been the appropriate method. In any event, the record was certified to this court before the wife was able to respond to the Statement of the Case, and, therefore, it cannot properly be considered as part of this record. The facts set out in this opinion have been drawn from court documents and other pleadings in the record.

## STANDARD OF REVIEW

[¶ 9] The standard of review applicable to decisions involving the division of marital property is abuse of discretion. This standard was most recently stated in *Belless v. Belless,* 2001 WY 41, ¶ 6, 21 P.3d 749, ¶ 6 (Wyo.2001):

There are few rules more firmly established in our jurisprudence than the proposition that disposition of marital property, calculation of income for child support purposes, and the granting of alimony are committed to the sound discretion of the district court. *Johnson v. Johnson,* 11 P.3d 948, 950 (Wyo.2000). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.; Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). We must ask ourselves whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Johnson,* 11 P.3d at 950. In accomplishing our review, we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Id.*

## DISCUSSION

[¶ 10] On appeal, the husband claims the district court acted arbitrarily and capriciously when it ordered the real property be sold and the proceeds equally divided between the parties. His objection is focused upon the deadline within which the court required him to respond if he desired to purchase the property himself. He claims the thirteen days between the announcement of the court's decision and the December 27, 1999, deadline was unreasonably short and he was denied due process by a lack of notice and meaningful opportunity to be heard. He also claims this process was arbitrary, capricious, and an abuse of discretion.

[¶ 11] As the appellant, the husband has the burden of providing this court with a

complete record on which to base a decision. *G.C.I., Inc. v. Haught,* 7 P.3d 906, 911 (Wyo. 2000). The record before this court consists of the complaint, answer and administrative pleadings, five exhibits introduced by the wife including the appraisal, two exhibits introduced by the husband which were irrelevant to the property value and distribution methods, and Ms. Smith's offer to purchase. In the absence of any evidence from the husband concerning alternative methods of disposing of the property and of any alleged adverse impacts of the schedule for the sale on him, this court must conclude the evidence supports the district court's findings and order. *Thomas v. Thomas,* 983 P.2d 717, 721 (Wyo.1999). Certainly, the husband had the right to request special findings pursuant to W.R.C.P. 52(a) and did not. Consequently, this court will "consider that the trial court's judgment carries with it every finding of fact supported by the evidence." *Skinner v. Skinner,* 601 P.2d 543, 545 (Wyo.1979); *see also Snyder v. Lovercheck,* 992 P.2d 1079, 1091 (Wyo.1999).

[¶ 12] Upon a review of this record, several problems with the husband's position become obvious. The divorce had been pending for more than fifteen months before the trial was held. The wife commissioned an appraisal of the real property in July 1999, five months before trial. The husband was apparently familiar with the property and can be presumed to have had a general knowledge of its value and the need for division of the property in the course of the divorce. Yet he did not testify himself or present any witnesses or evidence concerning his plans to purchase the property or the impact of a sale on his livelihood. He cannot sit back for more than fifteen months, do nothing to prepare his case or to present alternative methods for a distribution of the property to the court, and then be heard to complain subsequent to the trial that the court gave him inadequate time to arrange to purchase his wife's interest in the property. A similar argument was equally unsuccessful in *Barbour v. Barbour,* 518 P.2d 12 (Wyo. 1974), where the husband complained that the sale of the couple's ranch would deprive him of a livelihood yet offered no alternative. *See also McLoughlin v. McLoughlin,* 996

P.2d 5, 8 (Wyo.2000). It should also be noted the wife's evidence was presented on December 1, 1999, after which the husband had full knowledge of her position on the value of the property and the existence of a potential buyer. In reality, due to the continuance of the trial, he had approximately one month to arrange financing or find another buyer.

[¶ 13] Further, the husband's objections in this appeal are inconsistent with his position immediately after trial. When he filed his objection to the court's supplemental decree which set forth the sale schedule, he did not complain that he had insufficient time to arrange to purchase the property himself as he does here. Instead, he objected to unspecified terms of Ms. Smith's offer as the reason for his refusal to accept the offer. Issues raised for the first time on appeal generally will not be considered by the appellate court. *Pace v. Pace,* 2001 WY 43, ¶ 22, 22 P.3d 861, ¶ 22 (Wyo.2001).

[¶ 14] The district court provided the parties an opportunity for a full hearing. All the evidence presented concerning the dissolution of their marriage and the fair and equitable distribution of the property was considered. A rational decision was made which required the property be sold to the only willing buyer available with the proceeds distributed equally. Although we do not find fault with the district court's actions, we decline to award attorney's fees and damages to the wife pursuant to W.R.A.P. 10.05.

[¶ 15] Affirmed.