2007 WY 207

**Gary Kent OPITZ, Appellant (Defendant),**

v.

**Shelie Kay OPITZ, Appellee (Plaintiff).**

**No. S–07–0015.**

Supreme Court of Wyoming.

Dec. 28, 2007.

Representing Appellant: Gibson Sean Benham, Casper, Wyoming.

Representing Appellee: Keith Robert Nachbar, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Gary Kent Opitz challenges the amount of child support ordered by the district court. We affirm the district court's decision.

## *ISSUES*

[¶2] Mr. Opitz presents these two issues for our review:

1. Whether the district court abused its discretion by imputing income to Mr. Opitz in determining his child support obligation.

2. Whether the district court violated Wyo. Stat. Ann. § 20–2–307(b) (Lexis-Nexis 2007) by failing to set forth specific findings for deviating from Wyo-

ming's presumptive child support guidelines.

Ms. Opitz presents an additional issue:

3. Whether Ms. Opitz should be awarded her attorney's fees for this appeal.

### FACTS

[¶ 3] Gary and Shelie Opitz married in 1986. They had a son in 1988, and another in 1999. The parties separated in 2004, and Ms. Opitz filed for divorce near the end of that year. Through mediation, the parties were largely successful in dividing property and debt, but ultimately could not agree on child custody, visitation, and support. They took those issues to trial. The district court entered a divorce decree on October 18, 2006, granting primary custody to Ms. Opitz and visitation to Mr. Opitz, and establishing Mr. Opitz's child support obligations.[1]

[¶ 4] In determining child support, the district court considered detailed evidence regarding Mr. Opitz's work history and income. During much of the marriage, Mr. Opitz worked as an automobile technician in Casper, Wyoming, and eventually advanced to the job of automotive painter. In 1996, he and Ms. Opitz started their own truck bed liner business. They sold that business in 2004, shortly before the couple separated, but Mr. Opitz continued working for the company from time to time until 2005, with a salary of approximately $1,500 per month. During a short period of unemployment in 2005, he took steps to begin a new career as an insurance agent, which would require him to pass a licensing examination offered in January 2006. In the interim, he returned to his previous job as an automobile painter, for which his gross salary exceeded $5,000 per month. In January 2006, Mr. Opitz passed his insurance licensing examination and began working for an insurance company. His income was based on commission, but the company offered an initial "subsidy" of $1,500 per month to beginning agents, bring-

ing his actual income to approximately $2,000 per month.

[¶ 5] The district court applied the presumptive child support guidelines from Wyo. Stat. Ann. § 20–2–304 to establish Mr. Opitz's past and future child support obligations.[2] For the period from January 2005 until September 2005, the district court used Mr. Opitz's salary of approximately $1,500 per month from the truck bed liner company to calculate child support of $497.11 per month. For the period from September 2005 through August 2006, the district court used his salary of more than $5,000 per month from the automobile painting job to calculate child support of $1,032.79. For the period from August 2006 until February 2007, the district court used his salary of approximately $2,000 per month from the insurance company to calculate child support of $350 per month.

[¶ 6] For the period beginning in February 2007, however, the district court ordered child support of $700 per month, based not on Mr. Opitz's actual income as an insurance agent, but rather, on the higher salary Mr. Opitz had received as an automobile painter. The district court chose to impute the higher income to Mr. Opitz pursuant to Wyo. Stat. Ann. § 20–2–307(b)(xi), based on the finding that Mr. Opitz was voluntarily underemployed. This aspect of the district court's ruling is challenged by Mr. Opitz on appeal.

### STANDARD OF REVIEW

[¶ 7] The parties agree that we review the district court's decision on child support for abuse of discretion.

There are few rules more firmly established in our jurisprudence than the proposition that disposition of marital property, calculation of income for child support purposes, and the granting of alimony are committed to the sound discretion of the district court. *Johnson v. Johnson*, 11 P.3d 948, 950 (Wyo.2000). Judicial discre-

---

1. By this time, the older child had graduated from high school and reached the age of eighteen, so the district court's rulings on child custody, visitation, and future support applied only to the younger child.

2. These calculations were also influenced by factors that are not at issue in this appeal, such as abatements during summer visitations, adjustments for the older child after he reached the age of majority, and Ms. Opitz's income.

tion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.; Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). We must ask ourselves whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Johnson,* 11 P.3d at 950. In accomplishing our review, we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Id.*

*Belless v. Belless,* 2001 WY 41, ¶ 6, 21 P.3d 749, 750–51 (Wyo.2001).

### DISCUSSION

[¶ 8] While the district court exercises discretion in establishing child support, that discretion is guided by the applicable statutory provisions. *Rodenbough v. Miller,* 2006 WY 19, ¶ 9, 127 P.3d 800, 802 (Wyo. 2006). In Wyo. Stat. Ann. § 20–2–304, the legislature established guidelines for calculating child support, based on factors including the parents' respective incomes, custody arrangements, and the number of children. *See Plymale v. Donnelly,* 2007 WY 77, ¶¶ 31–33, 157 P.3d 933, 940 (Wyo.2007). The child support calculated under these guidelines is "rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support." Wyo. Stat. Ann. § 20–2–307(a). However, a court "may deviate from the presumptive child support . . . upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case." Wyo. Stat. Ann. § 20–2–307(b). In considering whether to deviate from the presumptive child support, a court is required to consider a number of listed factors, including:

Whether either parent is voluntarily unemployed or underemployed. In such case the child support shall be computed based upon the potential earning capacity (imputed income) of the unemployed or underemployed parent. In making that determination the court shall consider:

(A) Prior employment experience and history;

(B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;

(C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;

(D) Availability of employment for which the parent is qualified;

(E) Prevailing wage rates in the local area;

(F) Special skills or training; and

(G) Whether the parent is realistically able to earn imputed income.

Wyo. Stat. Ann. § 20–2–307(b)(xi).

[¶ 9] Mr. Opitz claims that the district court, in imputing to him the higher income from his previous position, ignored clear and undisputed evidence that his employment as an automobile painter was temporary, and that he "intended prior to, during, and after such employment to become an insurance salesman." His only reasons for taking that temporary position, he explains, were "to find employment while studying for the exam and to afford Christmas." He further asserts that there is an "utter lack of evidence that [he] had any ill intentions or was otherwise trying to avoid his child support obligations."

[¶ 10] The decision to impute income does not, however, rest on Mr. Opitz's subjective intentions. It rests instead on his "potential earning capacity." Wyo. Stat. Ann. § 20–2–307(b)(xi). Evidence in this case showed that Mr. Opitz was well-qualified to be an automobile painter by his prior experience, job history, and training. There was evidence that such positions were available in the area, and in particular, that Mr. Opitz could have continued working for his former employer. The prevailing wage was established by the salary Mr. Opitz actually earned in that position. Mr. Opitz did suggest that he quit because his "body couldn't—couldn't do it," but he provided no medical evidence to support

this suggestion, and he later testified that he had not missed any work because of health problems or physical restrictions. In light of the statutory factors the district court was required to consider, this evidence amply supported a finding that Mr. Opitz was realistically able to earn the higher income, and that he was voluntarily underemployed. We find no abuse of discretion in the district court's decision.

[¶ 11]  In its oral ruling, the district court observed that Mr. Opitz "gave up a very good job for a job that is not nearly as good," and while there may have been good reasons to make the change, the child "should not suffer" as a result of Mr. Opitz's career decision. The district court also closely tailored its child support decision to Mr. Opitz's particular circumstances. It established child support based on Mr. Opitz's lower, actual income to begin with, giving him time "to figure out if he can make it, if he can be successful, or whether he's going to have to get another job that will allow him the salary that he basically had" as an automobile painter. The record demonstrates that the district court drew rational conclusions from objective criteria, and exercised sound judgment under the circumstances. We find no basis for reversing the district court's decision.

[¶ 12]  Mr. Opitz's situation is in marked contrast to that in *Durham v. Durham*, 2003 WY 95, 74 P.3d 1230 (Wyo.2003), in which the district court imputed a higher income to Ms. Durham based on the salary she earned in financial services in Virginia prior to her marriage. After the divorce, she and her children took up residence with her parents in Gillette, Wyoming, and she taught music lessons at a substantially lower salary than she received in her former position. *Id.*, ¶¶ 3–4, 74 P.3d at 1232. We reversed the district court's decision, not because it was improper to impute a higher income to Ms. Durham, but because the record did not "include any evidence regarding availability of employment and prevailing wage rates in the local area," and thus "nothing to support the proposition that mother is realistically able to earn, in the Gillette area, the income imputed to her." *Id.*, ¶ 12, 74 P.3d at 1234. The

record in Mr. Opitz's case does include evidence that automobile painting jobs were available in the area, and evidence of Mr. Opitz's actual salary in that very position. Mr. Opitz's case is much closer to the situation in *KC v. KJM*, 971 P.2d 603, 607 (Wyo. 1999), in which the mother "voluntarily left her four-year teaching job and was now a second-year law student with zero income." We held that "the district court could reasonably find that Mother was voluntarily unemployed and, therefore, impute her income from prior years."

[¶ 13]  Mr. Opitz further contends, however, that the district court failed to set forth specific findings justifying its deviation from the presumptive child support guidelines. Wyo. Stat. Ann. § 20–2–307(b) provides that a district court may deviate from the presumptive child support amount "upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case," and when the district court does deviate, "the reasons therefor shall be specifically set forth fully in the order or decree." Mr. Opitz correctly points out that we have reversed a district court's decision when it "erred by not addressing child support obligations in the divorce decree and by not setting forth the specific reasons why it deviated, if it did, from the child support guidelines." *Raymond v. Raymond*, 956 P.2d 329, 334 (Wyo. 1998).

[¶ 14]  In its Decree of Divorce in Mr. Opitz's case, the district court wrote as follows:

This child support amount represents a deviation from the child support guidelines pursuant to Wyo. Stat. § 20–2–307 and is based upon actual income of [Mr. Opitz] at $1,906.67 per month, and imputed income for [Mr. Opitz] of $5,725.00 based on his earnings while employed [as an automobile painter]. The Court finds that it is appropriate to deviate from the actual income of the parties pursuant to Wyo. Stat. § 20–2–307 and to impute income to [Mr. Opitz] because he left his job [as an automobile painter] voluntarily and is now voluntarily underemployed.

It is true that the decree does not explicitly use the words "unjust or inappropriate" to justify the decision. However, "[a]s long as it was clear from the findings that the district court determined that applying the presumptive child support would be unjust or inappropriate, those specific words are not necessary." *Wood v. Wood*, 964 P.2d 1259, 1266 (Wyo.1998). The district court's decision makes sufficiently clear its determination that applying the presumptive child support guidelines to Mr. Opitz's situation would be unjust or inappropriate. It adequately indicates that the reason for the decision was that Mr. Opitz was voluntarily underemployed, one of the reasons specifically listed in Wyo. Stat. Ann. § 20–2–307(b)(xi) as justifying deviation from the child support guidelines. The district court's decree is legally sufficient to comply with the statute.

■ [¶ 15] Finally, Ms. Opitz claims that she is entitled to recover her attorney's fees incurred in this appeal, citing Wyo. Stat. Ann. § 20–2–111. That statute provides, in pertinent part:

> In every action brought for divorce, the court may require either party to pay any sum necessary to enable the other to carry on or defend the action and for support and the support of the children of the parties during its pendency. The court may decree costs against either party.

Mr. Opitz asserts that this statute applies only to attorney's fees incurred at the trial stage, not those incurred on appeal. His assertion is incorrect, as we have previously held:

> The defendant-appellee seeks attorney's fees for her representation in this appeal in a divorce matter. Such fees are properly allowable ... pursuant to the court's authority to do so in divorce matters to assist the defendant in the continuing defense of the action, [Wyo. Stat. Ann § ] 20–2–111, ... and not as a penalty under Rule 72(k), W.R.C.P.

*Hendrickson v. Hendrickson*, 583 P.2d 1265, 1268 (Wyo.1978). Indeed, this Court awarded attorney's fees in appeals in divorce proceedings nearly a century ago, long before the current statute acknowledged such authority:

> On March 21, 1908, in disposing of a motion for alimony pending the proceeding in error and a further allowance of suit money and counsel fees, an order was made and entered by this court allowing the said Anna Duxstad the sum of $175 as and for her expenses in conducting the proceeding in error, including counsel fees, and the sum of $30 per month for the support of herself and minor child during the pendency of said proceeding in error from the date of its commencement, and requiring the same to be paid by the said Louis Duxstad.

*Snow v. Duxstad*, 23 Wyo. 82, 95, 147 P. 174, 176 (Wyo.1915).

[¶ 16] But while we have the authority to award attorney's fees to Ms. Opitz, we will not do so in this case. As we have previously explained, "[t]he question of who pays the attorneys' fees in a divorce action is a part of the property division and thus is within the discretion of the trial court." *Bereman v. Bereman*, 645 P.2d 1155, 1162 (Wyo.1982), citing *Paul v. Paul*, 616 P.2d 707, 713 (Wyo. 1980). The district court ruled that each party to this divorce should pay his or her own attorney's fees. This decision is not challenged on appeal, and we see no reason to deviate from the district court's formula.

[¶ 17] The decision of the district court is affirmed.