## 65400. HENDERSON v. HENDERSON.

POPE, Judge.

Appellee mother Carolyn S. Henderson filed a garnishment against the employer of appellant father William G. Henderson, alleging that the father owed her the sum of $18,700 in unpaid child support payments due from June 1977 through November 1981 under a final divorce and alimony decree awarding her custody of the three minor children of the parties. The father filed a traverse of garnishment asserting that throughout the entire period set forth the sum due as child support payments under the judgment as modified was $1,200 a month. The mother presented evidence showing that during the period in question there was owed $64,800 in child support at the rate of $1,200 a month and that the amount paid by the father during that time was $52,100, leaving a deficiency of $12,700. The father contended that between June of 1977 and October of 1981 he had made child support payments totalling $51,300 to the mother; and that he had also paid sums exceeding $35,000 directly to the three minor children, third parties, or to the private schools the children attended. The trial court found against the father's traverse and held him to be indebted to the mother in the amount of $12,700. The father appeals. *Held:*

The father argues that the mother "implicitly consented" to his paying tuition and other bills on behalf of the children in lieu of support payments made directly to her, and that equity dictates he should be given credit for these payments and not be required to pay again for the children's maintenance and support under these circumstances. See *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977). In *Daniel,* the Supreme Court recognized that as a general rule the parties to a divorce decree cannot by private agreement

modify its terms but determined that there were certain equitable exceptions. Thus, "where the mother has consented to the father's voluntary expenditures as an alternative to his child support obligation [cits.], or where the father has been in substantial compliance with the spirit and intent of the divorce decree, for example, where he has discontinued child support payments while he had the care and custody of the children and supported them at the mother's request," such revisions will be condoned. *Daniel v. Daniel,* supra at 468. However, these exceptions do not apply "where the father has made voluntary overpayments of the child support due and owing without request or consent by the mother . . . [or] where an agreement was made between the parties post-judgment to allow a reduction in child support but where the mother retained custody of the children." Id.

Our review of the evidence discloses ample support for the findings of the trial judge that the facts were insufficient to bring this case within the equitable exceptions. The only extrajudicial modification agreed to by the parties was to increase the support payments to $1,500, which the father ceased paying after approximately six months. During this time the father also continued to make the same voluntary payments to schools and other persons for the children's benefit as he had when he contends he was justified in lowering the support payments. It also appears that the mother's financial situation was prejudiced when he diminished the payments. The amount awarded was clearly established by the evidence, and we find no grounds for reversal.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 27, 1983.

*Andrew J. Hinton, Jr.,* for appellant.
*Robert A. Elsner,* for appellee.