This case involves a determination of a child support arrearage.
In December 1992, the State of Alabama ex rel. Ellen Carr Scott (State) filed a contempt petition for non-payment of child support against James Scott in Lee County, alleging an arrearage of $16,187.95 as of October 31, 1992. A motion filed by the Department of Human Resources (DHR), requesting that all payments in that case be made to DHR, was granted and a hearing was set. After ore tenus proceedings, the trial court found that Scott owed $3,000 for past due child support, and it ordered a payment schedule. The State's post-judgment motion was denied and the State appeals, contending that the trial court's determination of $3,000 arrearage is an abuse of discretion.
The record reveals that Scott was ordered to pay child support pursuant to a 1973 Lee County divorce judgment. The record also discloses that the District Court of Tallapoosa County had entered an order in 1978 directing Scott to pay monthly child support. An employee of the Tallapoosa County DHR testified that the Tallapoosa court was not aware of the divorce order at the time of its 1978 order. The record contains numerous orders, including past arrearages, suspensions of payments, and modifications. There was testimony that Scott had paid some support and that one of the children had lived with Scott for an uncertain time period.
The State's witness, a DHR worker, testified regarding several different methods of calculation to estimate the arrearage due. She also testified that the younger child was emancipated by a court order in August 1987.
The figures provided by the State were conflicting and there was confusion regarding matters such as: which calculation should be utilized, whether proper credit was given for payments received, whether modification orders altering and suspending payments were considered, the amount the mother would have been entitled to if she had enforced the divorce decree, and the actual amount of assistance the mother had received including Medicaid, food stamps, and aid to dependent children, etc. There was also testimony regarding an order entered in May 1985, stating that the arrearage could not be accurately determined, and an order of January 1986, stating that the arrearage would be collected through the IRS tax offset program.
Further testimony revealed that at one time, Scott was ordered to pay $10 per week for the weeks the child lived with the mother; however, it was uncertain what period of time that child resided with Scott or elsewhere, and no amount could be accurately determined for that time period.
When a trial court's judgment regarding child support, including the determination of an arrearage, is based upon ore tenus evidence, it is presumed to be correct and will not be reversed on appeal unless it is plainly and palpably wrong.Crawford v. Bullock, 587 So.2d 363 (Ala.Civ.App. 1991). Furthermore, in determining the arrearage, the trial court may allow credit to the obligated parent for expenditures. Frasemerv. Frasemer, 578 So.2d 1346 (Ala.Civ.App. 1991).
The evidence in this record depicts the very type of conflict and confusion that the trial court resolves. Although we cannot determine what calculation was utilized by *Page 894 
the trial court to determine the amount of arrearage, because there is evidence supporting that determination, we find no error or abuse. Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.