2007 WY 106

**Jeffrey Raymond STARKEY, Appellant (Defendant),**

v.

**Michelle Elise STARKEY, Appellee (Plaintiff).**

**No. 06–256.**

Supreme Court of Wyoming.

July 11, 2007.

Representing Appellant: Gibson Sean Benham of Casper, Wyoming.

Representing Appellee State of Wyoming, Department of Family Services: Patrick J. Crank, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Dan Wilde, Senior Assistant Attorney General; and Ellen Rutledge, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] In 1998, Jeffrey Starkey (Father) began paying an extra $50.00 per month on his child support obligation in an effort to pay off the obligation in advance. Father stopped making payments in September 2005, when he believed he had a "credit" of approximately $4500.00 in child support. At a hearing on a petition to modify child support filed in January 2006, the district court had an opportunity to consider whether or not Father should receive credit for the overpayments. Ultimately, the court ruled that Father was not entitled to credit. This appeal followed, and we affirm.

## ISSUE

[¶ 2] Father raises the following issues:

A. Whether a non-custodial parent is entitled to a credit against future child support obligations for "overpayments" he has made in the past which are in excess of current support and/or arrears.

B. Whether disallowing such credits for overpayments constitutes an unconsti-

tutional taking of property without due process of law.

C. Whether disallowing such credits constitutes a retroactive modification of support.

D. Whether the State and/or the obligee is estopped from arguing against a credit for previous over-payments of child support where it has been their practice and procedure to allow and provide for such.

E. Whether the matter of disallowing the child support credit was properly before this Court given that it had not been previously pled.

Mother phrases this appeal in a single issue:

Did the District Court abuse its discretion in determining that [Father] was not entitled to credit for payments made in excess of his child support obligation?"

## FACTS

[¶ 3] Father and Michelle Elise Starkey (Mother) married in 1987. The marriage produced one child, a daughter, born on January 28, 1988. In 1992, the parties divorced and, pursuant to a divorce decree, Mother was awarded custody of the child, subject to Father's visitation. Father was ordered to pay monthly child support of $175.00. In 1994, Father's support was increased to $250.00 per month as a result of a petition to modify support filed by Mother. In June of 1998, Father began paying an extra $50.00 per month to the Clerk of District Court in an effort to pay off his child support obligation in advance. Father did so of his own volition and not at the request of Mother.

[¶ 4] In September of 2005, Father ceased all child support payments. At the time, he believed that he had an overpayment credit of approximately $4500.00. In January of 2006, Mother, through an attorney at Natrona County Child Support Enforcement, filed a petition to modify support based upon a claim that there had been a material and substantial change in circumstances warranting a modification of child support. At a hearing on the petition, the parties agreed that Father's child support obligation was to increase to $450.00 per

month. Also at the hearing, the court had an opportunity to examine whether or not Father should receive credit for his overpayments. The court took the matter under advisement. In its *Order Regarding Overpayment,* the district court noted that as of August 4, 2006, Father had an overpayment balance of $2885.70. In the end, however, the court ruled that Father was not entitled to credit for the overpayments. This appeal followed.

## STANDARD OF REVIEW

[¶ 5] Father urges this Court to review this case *de novo.* However, this Court's long established standard of review for child support applies here, and we review it below:

There are few rules more firmly established in our jurisprudence than the proposition that disposition of marital property, calculation of income for child support purposes, and the granting of alimony are committed to the sound discretion of the district court. *Johnson v. Johnson,* 11 P.3d 948, 950 (Wyo.2000). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.; Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). We must ask ourselves whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious. *Johnson,* 11 P.3d at 950. In accomplishing our review, we consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Id.*

*Shelhamer v. Shelhamer,* 2006 WY 83, ¶ 15, 138 P.3d 665, 672 (Wyo.2006) (quoting *Belless v. Belless,* 2001 WY 41, ¶ 6, 21 P.3d 749, 750–51 (Wyo.2001)).

## DISCUSSION

[¶ 6] Although Father parses out five separate issues in his brief, there will be one core discussion including in it points directed at those separate issues. Funda-

mentally, Father's argument is that his overpayment of $50.00 per month in child support should be credited to his current obligation. Mother, however, believes this to be incorrect and argues that Father is not owed a credit.

■ [¶ 7] Because this is an issue of first impression in Wyoming, we begin by looking outside our borders to other states' treatment of the issue of overpayment of child support in an effort to gain a so-called "credit." For the most part, "[c]ourts generally do not allow a credit to the obligor spouse for voluntary expenditures made on behalf of a child in a manner other than that specified by a decree." 24A Am.Jur.2d *Divorce and Separation* § 1067, at 474 (1998). In fact, the proverbial general rule is that payments made for the benefit of a child, which are voluntary and not pursuant to a divorce decree, may not be credited against other amounts due under the decree. *Harner v. Harner*, 105 Ill.App.3d 430, 434 N.E.2d 465, 468, 61 Ill.Dec. 312 (1982); *In re Marriage of McCurnin*, 681 N.W.2d 322, 328 (Iowa 2004) (holding obligor was not entitled to credit for overpayment of support because he was a volunteer); *Webb v. Webb*, 475 S.W.2d 134, 136 (Mo.Ct.App.1971) (" 'Decrees for child support should be strictly complied with and credit should not be allowed for overpayments voluntarily made.' "); *Horne v. Horne*, 22 N.Y.2d 219, 239 N.E.2d 348, 350, 292 N.Y.S.2d 411 (N.Y.1968) ("[P]ayments made by a father to or for the benefit of his children voluntarily and not pursuant to a divorce decree may not be credited by him against other amounts due and owing under the decree."); *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656, 659 (Va.1961) ("[I]t is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and that he should not be permitted to vary these terms to suit his convenience.... To permit him to increase the amount of the specified payments at one time, reduce them at another, and require an adjustment of the differences in the future, would lead to continuous trouble and turmoil."); *and see* Robert A. Brazener, *Right to Credit on Accrued Support Payments for Time Child is in Father's Custody or for Other Voluntary Expenditures*, 47 A.L.R.3d

1031, 1037 (1973) ("Generally speaking, a father is not entitled to credit against arrearages for overpayments in support money which he made to the mother."). *See generally* Alice Wright Cain, *Right to Credit on Child Support for Previous Overpayments to Custodial Parent for Minor Child While Child Is Not Living with Obligor Parent*, 7 A.L.R.6th 411 (2005).

[¶ 8] As in most states and as demonstrated above, in Nebraska the general rule is that no credit is given for voluntary overpayments of child support, even if they are made under a mistaken belief that they are legally required. *Palagi v. Palagi*, 10 Neb. App. 231, 627 N.W.2d 765 (2001). In *Palagi*, a father's voluntary payments of his child's college-related expenses did not offset accrued child support payments. That being said, there are exceptions to the general rule above stated. In fact, *Griess v. Griess*, 9 Neb.App. 105, 608 N.W.2d 217, 224 (Neb. App.2000), demonstrates instances wherein exceptions are allowable:

"Voluntary overpayments" have included many items that were not ordered by a court via the parties' decree. See, *Ardizzone v. Bailey*, 542 A.2d 806 (Del.Fam. 1987) (travel expenses); *Onley v. Onley*, 540 So.2d 880 (Fla.App.1989) (automobile purchased for child); *Henderson v. Henderson*, 166 Ga.App. 412, 304 S.E.2d 517 (1983) (tuition or educational expenses); *Harner v. Harner*, 105 Ill.App.3d 430, 434 N.E.2d 465, 61 Ill.Dec. 312 (1982) (continued child support payments under mistaken belief that payments were required after child reached majority); *Whitman v. Whitman*, 405 N.E.2d 608 (Ind.App.1980) (clothing, gifts, food, entertainment); *Finley v. Morrow*, 697 S.W.2d 543 (Mo.App.1985) (erroneous interpretation or recollection of terms of contract for child support approved by court).

*Griess*, 608 N.W.2d at 224. *See also, State ex rel. DHR v. Scott*, 637 So.2d 892 (Ala.Civ. App.1994); *see generally*, 24A Am.Jur.2d, *supra*, § 1068. However,

[n]ormally, exceptions are made only "when the equities of the circumstances demand it and when allowing a credit will

not work a hardship on the minor children." *Griess,* 608 N.W.2d at 224 (citations omitted); *see also* 24A Am.Jur.2d *Divorce and Separation* § 1068, at 476–77. *In re Marriage of Pals,* 714 N.W.2d 644, 651 (Iowa 2006).

[¶ 9] Even though this is an issue of first impression, Wyoming law is nevertheless instructive in this case, as both statutes and case law indicate a clear aversion to the unilateral modification of child support orders. First, Wyoming statutes are clear that child support orders are *always* modifiable, in light of parents' ever changing circumstances, financial and otherwise. *See* Wyo. Stat. Ann. § 20–2–311 (LexisNexis 2007). However, such modification is to be done following the strict procedures elucidated in our statutes. Wyoming case law is also helpful. For instance, although it contains a very different factual situation, *Kimble v. Ellis,* 2004 WY 161, ¶ 13, 101 P.3d 950, 954 (Wyo. 2004), stands for an important proposition. In *Kimble,* father offered to pay mother $4500.00, along with the children's college and wedding expenses, if she would forego all claims against him for past child support, health care costs, and the amount of marital indebtedness that he had been required to pay. Mother agreed and accepted the offer, which was not put into writing nor submitted to a court for approval. The district court upheld the parties' agreement; however, on appeal, this Court held that "any agreement that purports to waive unpaid child support or the custodial parent's right to enforce the support order without proper approval from a court of competent jurisdiction is void *ab initio.*" *Id.* ¶ 14, 28 Cal.Rptr.3d 685, 111 P.3d 954. In reaching our decision in *Kimble,* we clearly stated that "[t]he thrust of our precedent is that parties may not unilaterally or jointly modify or abrogate the terms of a child support order." *Id.* ¶ 13, 28 Cal. Rptr.3d 685, 111 P.3d 954.

[¶ 10] Although the facts of *Kimble* and this case differ, *Kimble's* lesson still holds true here. However, rather than "bargaining away" his child support obligation, Father, to his credit, overpaid the obligation intentionally. Nevertheless, he unilaterally modified that obligation without court approval. The record shows that Father admitted that he paid extra so that it would "save [him] a year or two years of paying child support." Additionally, Father testified that he paid voluntarily—that is, Mother never asked him for the extra payments, nor did his daughter. However, the record also shows that Father believed that in doing so, he would not be penalized, according to employees in the Clerk of Court's office.

[¶ 11] The circumstances here do not warrant application of the exception to the general rule. "Credit is more likely to be appropriate for expenses incurred with the consent or at the request of the parent with custody. Payments made under compulsion of circumstances are also more likely to merit credit for equitable reasons." *In re Pals,* 714 N.W.2d at 651. We do not doubt that these overpayments made by Father were made with the best of intentions. However, it is Father's obligation to pay the specified amounts according to the decree, and orders modifying it thereafter. Allowing an increase at one time and a reduction at another would simply lead to incongruity and disorder in the child support system.

[¶ 12] We conclude that the district court did not abuse its discretion in refusing to give Father credit for overpayment of his child support obligation, and that the *Order Regarding Overpayment* is affirmed in all respects.