2007 WY 145

**Steven Justin BINGHAM, Appellant (Plaintiff),**

v.

**Jessica J. BINGHAM, Appellee (Defendant).**

No. S–07–0028.

Supreme Court of Wyoming.

Sept. 17, 2007.

Representing Appellant: Pro se.

Representing Appellee: Devon O'Connell Coleman of Pence and MacMillan LLC, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Steven Justin Bingham (Father) appeals the district court's order awarding Jessica J. Bingham (Mother) custody of the child born during their marriage, claiming an abuse of discretion.   We affirm.

## ISSUES

[¶ 2]   Father raises the following issues on appeal:

1.   Whether the district court abused its discretion in determining that [Mother] should have care, control, and custody of the parties' minor child?

2.   Whether the court abused its discretion in not ruling on perjury by [Mother] under oath on the stand and by [Mother] not listing her bank accounts and Jeep Liberty vehicle on her pretrial statement?

Mother also presents two issues:

1.   Is it proper for this Court to dismiss appellant's appeal for failure to comply with the Wyoming Rules of Appellate Procedure by failing to designate any portion of the record?

2.   Did the district court abuse its discretion by awarding custody of the parties' minor child to appellee?

## FACTS

[¶ 3]   Mother and Father were married in Casper, Wyoming on December 28, 2002. One child was born of the marriage on May 11, 2004.   On September 26, 2005, Father filed a complaint for judicial separation and sought primary physical custody of the child.

Mother counterclaimed for divorce and for custody of the child. After a hearing, the district court awarded Mother temporary primary custody of the child and granted Father visitation with the child four evenings per week and on Saturdays. The parties stipulated to a restraining order that prevented them from communicating with each other about anything except the child.

[¶ 4] At the trial, the district court heard testimony from several witnesses including Father, Mother, Father's and the child's counselor, and Mother's boyfriend. The parties also introduced into evidence Father's journal and the counselor's notes of her sessions with Father and the child. Father introduced testimony, primarily through the counselor, indicating the child was acting out in disturbing ways, such as biting or hitting herself without provocation, and that the child's behavior could not be attributed to Father. Father testified that the child often resisted leaving his care for that of Mother. He further attempted to prove Mother lied on several occasions, including regarding whether she had ever left the child alone with her boyfriend and whether she had a sexual relationship with the boyfriend before the couple separated. Mother, meanwhile, presented evidence that Father had emotionally and, on at least one occasion, physically abused her. She also demonstrated, through the counselor's testimony, that the child's behavior could simply be a result of the divorce and generalized separation anxiety. Mother also testified that while she intended to foster a strong relationship between the child and Father, she worried that Father would not reciprocate if he was awarded primary custody.

[¶ 5] At the close of the evidence, the district court commented on which party would be more likely to involve the other in the child's life. The court questioned Father's decision to begin counseling with the child without involving Mother.

I haven't seen any indication that he has asked her participation, sought her advice, requested her input. This is a big step. This is not something that one should do lightly, and yet I don't see that Mr. Bingham has done anything at all to involve the mother of [the child] in this process. And that, frankly, is a little bit disturbing.

The district court noted that even at the trial Father failed to unconditionally commit to co-parenting. "[H]e's placed conditions on it today on the stand under oath. And that is bothersome because this has to be unconditional. It should have happened a long time ago, but I'm not hearing him say he's willing for it to happen at any time in the foreseeable future."

[¶ 6] The district court granted custody to Mother and offered the following reasoning in support of its decision:

Custody was the primary issue at trial. It is clear that both [Mother] and [Father] love [the child] very much, and the Court is of the opinion that [the child] would have a good home with either parent. Both parties have demonstrated a willingness to accept the responsibilities of parenting and to take those responsibilities seriously for the benefit of [the child]. However, even though the relationship between each parent and [the child] is a good one, it is clear that the parents' relationship to each other is much less so. In fact, it is clear that the relationship has involved physical confrontation on at least one occasion.

The evidence at trial indicated, and the Court concludes, that [Mother] is very much interested in promoting and encouraging [the child's] ongoing relationship with her father. She has done so in the past and has, on occasion, allowed more visitation [than] was previously ordered by the Court. [Father], on the other hand, does not appear to share that sentiment. It is clear from his testimony and the evidence presented at trial, specifically the journal entries entered as Exhibit C, that [Father] is still suffering the traumatic emotional effects of a bitter separation and that he is far less willing to facilitate a cooperative parenting relationship between [the child] and [Mother]. The Court will order, therefore, that [Mother] shall have the care, custody, and control of [the child], subject to visitation by [Father]. . . .

The court granted Father visitation every other weekend, on alternating holidays, and for a period during the summer set to increase incrementally from two weeks in the

summer of 2007 to roughly six weeks in the summer of 2011 and thereafter.

[¶ 7]   Father appeals the custody award, asserting that the district court abused its discretion by failing to consider factors that merit significant weight and by not basing its decision on the evidence presented.   In particular, Father argues the district court ignored the stability his more regular work schedule would provide for the child, Mother's alleged perjury, and the best interests of the child.   Father also contends the district court's conclusion that Mother was more willing to co-parent than he was ran counter to the evidence.   Finally, Father attacks the court's articulation of its reasoning for its decision as inadequate.

## DISCUSSION

### A.   Designation of Record

▆▆▆   [¶ 8]   Before addressing the merits of this appeal, we address Mother's contention that we should dismiss this appeal because Father failed to designate a record as required by the Wyoming Rules of Appellate Procedure.   W.R.A.P. 3.05(b) provides, "Appellant shall, contemporaneously with the filing of its brief in the appellate court and service of that brief upon appellee, serve on appellee, file with the clerk of the district court a designation for transmission to the appellate court of all parts of the record, without unnecessary duplication, to which appellant intends to direct the particular attention of the appellate court in its brief."   However, this Court retains broad discretion over how to treat a violation of this rule.   "The failure to comply ... does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate...." W.R.A.P. 1.03.

[¶ 9]   Father did not designate a record when he filed his brief on February 21, 2007; however, he did file a designation of record on April 6, 2007, one day after Mother filed her designation of record.   Thus, this Court has a record to review when considering Father's claims, making this case distinguishable from those in which an appellant completely neglected to provide a record.   *See Smith v. Smith,* 2003 WY 87 ¶ 15, 72 P.3d 1158, 1162 (Wyo.2003) (holding the absence of any record to refute the district court's

findings left the Court with no choice but to sustain them); *Orcutt v. Shober Invs. Inc.,* 2003 WY 60, ¶ 10, 69 P.3d 386, 389 (Wyo. 2003) (similarly holding trial court decisions will be assumed to be in accord with the law when no record is designated to show otherwise).   Because Father ultimately designated a record for the Court's review, albeit late, we decline Mother's invitation to dismiss the appeal based upon a violation of W.R.A.P. 3.05(b).

### B.   Standard of Review

[¶ 10]   Our standard of review in child custody cases is well established.

Custody, visitation, child support, and alimony are all committed to the sound discretion of the district court.   *Scherer v. Scherer,* 931 P.2d 251, 253–54 (Wyo.1997); *Triggs v. Triggs,* 920 P.2d 653, 657 (Wyo. 1996); *Basolo v. Basolo,* 907 P.2d 348, 352 (Wyo.1995).   It has been our consistent principle that in custody matters, the welfare and needs of the children are to be given paramount consideration.   *Scherer,* 931 P.2d at 254; *Rowan v. Rowan,* 786 P.2d 886, 890 (Wyo.1990); *see also Gurney v. Gurney,* 899 P.2d 52, 55 (Wyo.1995); and *Fink v. Fink,* 685 P.2d 34, 36 (Wyo. 1984).   The determination of the best interests of the child is a question for the trier of fact.   "We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle." *Fink,* 685 P.2d at 36.

A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances.   *Pinther v. Pinther,* 888 P.2d 1250, 1252 (Wyo.1995) (*quoting Dowdy v. Dowdy,* 864 P.2d 439, 440 (Wyo.1993)).   Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party.   *Triggs,* 920 P.2d at 657; *Cranston v. Cranston,* 879 P.2d 345, 351 (Wyo.1994).   Findings of fact not supported by the evidence, contrary to the evidence, or against the

great weight of the evidence cannot be sustained. *Jones v. Jones,* 858 P.2d 289, 291 (Wyo.1993). Similarly, an abuse of discretion is present " 'when a material factor deserving significant weight is ignored.' " *Triggs,* 920 P.2d at 657 (quoting *Vanasse v. Ramsay,* 847 P.2d 993, 996 (Wyo.1993)). *Pahl v. Pahl,* 2004 WY 40, ¶ 6, 87 P.3d 1250, 1252 (Wyo.2004). "We have additionally explained that 'judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.' " *Id.* at 1253 (quoting *Ekberg v. Sharp,* 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo.2003)).

### C. Child Custody

[¶ 11] Father claims the district court abused its discretion by ignoring several material factors when it awarded Mother custody of the child. When exercising its discretion in arriving at a custodial arrangement that is in the best interest of the child, a district court shall consider, but is not limited to, the following factors:

(i) The quality of the relationship each child has with each parent;

(ii) The ability of each parent to provide adequate care for each child throughout each period of responsibility, including arranging for each child's care by others as needed;

(iii) The relative competency and fitness of each parent;

(iv) Each parent's willingness to accept all responsibilities of parenting, including a willingness to accept care for each child at specified times and to relinquish care to the other parent at specified times;

(v) How the parents and each child can best maintain and strengthen a relationship with each other;

(vi) How the parents and each child interact and communicate with each other and how such interaction and communication may be improved;

(vii) The ability and willingness of each parent to allow the other to provide care without intrusion, respect the other parent's rights and responsibilities, including the right to privacy;

(viii) Geographic distance between the parents' residences;

(ix) The current physical and mental ability of each parent to care for each child;

(x) Any other factors the court deems necessary and relevant.

Wyo. Stat. Ann. § 20–2–201(a) (LexisNexis 2007). Further, "[t]he court shall consider evidence of spousal abuse or child abuse as being contrary to the best interest of the children." Section 20–2–201(c).

[¶ 12] Father first asserts the district court improperly failed to consider the greater stability his more regular hours of employment would afford the child. While it is true that the court did not specifically address the parties' respective work schedules in its decision letter, establishing that a court ignored a material factor requires more than merely showing that the court did not mention the factor in its decision. *Groenstein v. Groenstein,* 2005 WY 6, ¶ 16, 104 P.3d 765, 770 (Wyo.2005). To establish the importance of stability in custody determinations, Father relies on *Gurney v. Gurney,* 899 P.2d 52, 54 (Wyo.1995). *Gurney,* however, did not address stability based on parental employment. Instead, we emphasized the importance of stability once a primary custody order is made by the district court. *Id.* "Once such an order is entered, considerations of stability in child placement become of central importance. In our case law, we have shown a strong bias against reopening the order because a child is almost always harmed by a transfer from one parent to the other." *Id.* Further, in *Groenstein,* this Court specifically rejected a father's claim that his ex-wife should not have been granted primary custody because she would be forced to use daycare while he would not. *Groenstein,* 104 P.3d at 770. Thus, although the parents' work schedules may be relevant to the child custody issue in some cases, we have not held that regularity of work schedules is determinative in child custody matters.

[¶ 13] We likewise are not persuaded by Father's claim that the district court abused its discretion by ignoring the evidence of Mother's perjury. An appellant

has an uphill battle when seeking to impugn before this Court the credibility of a party who prevailed at trial. *Produit v. Produit*, 2001 WY 123, ¶ 22, 35 P.3d 1240, 1246 (Wyo. 2001). "The trial judge is in the best position to assess the credibility of the witnesses and weigh their testimony." *Id.* Although Father presented evidence of inconsistencies in Mother's testimony, the district court made clear it was aware of the difficulty of assessing the veracity of the parties' testimony, commenting near the end of the trial, "Forget what happened in the past. I don't know what's happened in the past." Because there was evidence to support its decision, the district court did not abuse its discretion in finding for Mother while also acknowledging some inconsistencies in her testimony.

[¶ 14]   Father also contends that the district court abused its discretion because it did not consider the well being of the child. His contention is not supported by the record. The district court's decision letter specifically stated, "The Court's primary consideration in determining custody of a child must, of course, be [his or her] best interests." Although Father presented testimony from the counselor indicating the child was behaving abnormally and that her behavior likely was not attributable to him, Mother presented testimony indicating that the child's behavior could stem from the general emotional trauma of the divorce. Accepting Mother's evidence as true, as we must, the district court's decision is consistent with a consideration of the child's well being.

[¶ 15]   Father next argues the district court's determination that Mother would be more likely to co-parent cooperatively was in conflict with the evidence. Findings contrary to the evidence cannot be sustained and constitute an abuse of discretion. *Pahl*, ¶ 6, 87 P.3d at 1252. While the record contains evidence that Father was willing to co-parent, the district court's finding that Mother's efforts in that regard were superior is also well supported. As the district court noted in its decision letter, Father's testimony and his journal indicate "[Father] is still suffering the traumatic emotional effects of a bitter separation and that he is far less willing [than Mother] to facilitate a cooperative parenting relationship." Father questions the district court's reliance on his journal and argues that his feelings are "normal for anyone going through a divorce." Regardless, the journal is part of the record, and Father expressed similar, if much more muted, sentiments in his testimony. The task of assessing the evidence belonged to the district court, and, given the testimony and the journal, the record contains adequate evidence to support its conclusion.

[¶ 16]   Finally, Father's claim that the district court failed to adequately articulate its reasoning is likewise without merit. In a conventional custody determination such as this one, we have "consistently and strongly urged" but not required that the district court reveal its reasoning. *Produit*, 35 P.3d at 1243. "When a trial court is exercising its discretionary power in custody matters, it should place on the record the circumstances and factors which were crucial to the determination. The court should further spell out its reasons so counsel and the reviewing court can understand and evaluate the soundness of the decision." *Pace v. Pace*, 2001 WY 43, ¶ 15, 22 P.3d 861, 866 (Wyo.2001). Consistent with these principles, the district court in this case set out the factors it considered in concluding that while either parent would provide a "good home" for the child, Mother should be the primary caregiver because of her greater willingness to "facilitate a cooperative parenting relationship."

[¶ 17]   The district court provided a more than adequate articulation of its reasoning, and neither ignored material factors deserving significant weight nor made findings contrary to the evidence. We conclude the district court did not abuse its discretion by awarding Mother custody of the child.

[¶ 18]   Affirmed.