2009 WY 58

**Melodie A. STEELE, Appellant (Plaintiff),**

**v.**

**Robert B. NEEMAN, Appellee (Defendant).**

No. S–08–0117.

Supreme Court of Wyoming.

April 28, 2009.

See also 6 P.3d 649.

Representing Appellant: Christopher M. Wages of Goddard, Wages & Vogel, Buffalo, Wyoming.

Representing Appellee: DaNece Day and Christopher R. Ringer of Lubnau & Bailey, PC, Gillette, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] In this child support action, Melodie Steele (Mother) sought an upward modification of child support against Robert Neeman (Father). The district court modified the child support amount, but downward to less than half the statutorily determined presumptive amount. The district court cited the child's poor relationship with his father, which included lack of visitation, as the reason for deviation. We reverse.

## ISSUE

[¶ 2] Mother states her sole issue as "[w]hether the District Court erred when it modified Neeman's child support obligation and deviated from the presumptive child support amount." [1]

## FACTS

[¶ 3] Mother and Father have one son (Child). They divorced in 1991. In their divorce decree, Father agreed to pay child support until Child turned twenty. In 2006, because it had been more than three years since the prior support order had been entered, Mother, through the State of Wyoming, petitioned for a modification of child support. [2] Based on the financial affidavits, Mother requested an upward adjustment in child support. Father responded with a "Motion to Terminate Child Support." Father gave as his reasons for his motion the fact that Child had turned eighteen and Child had petitioned to legally change his surname from that of Father to that of Mother.

[¶ 4] An evidentiary hearing was held in which Mother and Father testified. Financial evidence was introduced. There was also testimony regarding the relationship between Father and Child. Father and Child spent three days together in 2005. No evidence was adduced as to how the two interacted during those three days. Otherwise there had been no visitation between Father and Child since approximately 2000. No reason was provided. Father testified he telephones Child approximately once a month but gets only the answering machine. He leaves messages. He has no knowledge of Child ever returning his phone calls. Mother testified Child has made some unidentified attempts to contact Father.

[¶ 5] At the time of the hearing Mother had remarried and was living in Florida. Child had been using Mother's married surname for an undetermined period of time and petitioned to legally change his surname when he turned eighteen. Mother testified Child preferred her married surname so he could feel part of the family. There was no evidence as to Child's feelings towards Father.

[¶ 6] In its decision letter, the district court found Father's presumptive child sup-

1. The issue is not separately stated as required by W.R.A.P. 7.01(d). The issue stated is also too broad to be helpful. It simply advises that Mother is appealing from the district court's ruling. It gives no specific grounds therefore. While the violations are not enough to merit sanctions, they present yet again an opportunity for this Court to remind counsel they should pay this Court respect by following the Wyoming Rules of Appellate Procedure. They exist for a reason. Individualized issues provide a roadmap for this Court (and counsel) for the analysis that follows.

2. Wyo. Stat. Ann. § 20–2–311 (LexisNexis 2007), "Adjustment of child support orders," states in pertinent part:

Every three (3) years, upon the request of either parent or, if there is a current assignment of support rights in effect, upon the request of the department, the court, with respect to a support order being enforced under this article and taking into account the best interests of the child involved, shall review and, if appropriate, adjust the order in accordance with the guidelines established pursuant to this article. Any adjustment under the three (3) year cycle shall be made without a requirement for a showing of a change in circumstances.

port amount to be $736.24. The district court, however, deviated from this amount. The district court reasoned:

> The child spends and historically has spent little or no time with the father and also has shown very little interest in developing a relationship with the father. The child has not even been using his surname and has been going by mother's current last name. Also, there is a petition filed to change the child's last name from Neeman. It is apparent to the court that the father is merely a financial source for the child and nothing more.

While the district court did not think this was legally sufficient to terminate Father's child support obligation, it decided it did justify a downward deviation from the presumptive amount. Consequently, the district court set Father's child support obligation at $300 per month until Child's twentieth birthday.

## DISCUSSION

### Standard of review

[¶ 7] We review a district court's order on a petition to modify child support to determine if the district court has abused its discretion. *Gray v. Pavey*, 2007 WY 84, ¶ 8, 158 P.3d 667, 668 (Wyo.2007). In reviewing for an abuse of discretion, our primary consideration is the reasonableness of the district court's decision in light of the evidence presented.

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. *Pinther v. Pinther*, 888 P.2d 1250, 1252 (Wyo.1995) (*quoting Dowdy v. Dowdy*, 864 P.2d 439, 440 (Wyo.1993)). Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. *Triggs [v. Triggs]*, 920 P.2d [653] at 657 [ (Wyo.1996) ]; *Cranston v. Cranston*, 879 P.2d 345, 351 (Wyo.1994). Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained.

*Jones v. Jones*, 858 P.2d 289, 291 (Wyo. 1993). Similarly, an abuse of discretion is present " 'when a material factor deserving significant weight is ignored.' " *Triggs*, 920 P.2d at 657 (*quoting Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo.1993)). *Reavis v. Reavis*, 955 P.2d 428, 431 (Wyo. 1998). *See also Witowski v. Roosevelt*, 2009 WY 5, ¶ 13, 199 P.3d 1072, 1076 (Wyo.2009); *Bingham v. Bingham*, 2007 WY 145, ¶ 10, 167 P.3d 14, 17–18 (Wyo.2007); *Pahl v. Pahl*, 2004 WY 40, ¶ 6, 87 P.3d 1250, 1252 (Wyo. 2004).

### Deviation from presumptive child support amount

[¶ 8] Determination of the appropriate amount of child support is governed by Wyo. Stat. Ann. § 20–2–304 (LexisNexis 2007). The statute establishes a method for determining child support amounts based on the parents' incomes. Pursuant to Wyo. Stat. Ann. § 20–2–307(a) (LexisNexis 2007), the amount determined under § 20–2–304 is "rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts."

[¶ 9] Section 20–2–307(b) establishes a method by which the determining court may deviate from the presumptive amount:

> (b) A court may deviate from the presumptive child support established by W.S. 20–2–304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20–2–304, the court shall consider the following factors:
>
> (i) The age of the child;
>
> (ii) The cost of necessary child day care;
>
> (iii) Any special health care and educational needs of the child;
>
> (iv) The responsibility of either parent for the support of other children, whether court ordered or otherwise;

(v) The value of services contributed by either parent;

(vi) Any expenses reasonably related to the mother's pregnancy and confinement for that child, if the parents were never married or if the parents were divorced prior to the birth of the child;

(vii) The cost of transportation of the child to and from visitation;

(viii) The ability of either or both parents to furnish health, dental and vision insurance through employment benefits;

(ix) The amount of time the child spends with each parent;

(x) Any other necessary expenses for the benefit of the child;

(xi) Whether either parent is voluntarily unemployed or underemployed. In such case the child support shall be computed based upon the potential earning capacity (imputed income) of the unemployed or underemployed parent. In making that determination the court shall consider:

(A) Prior employment experience and history;

(B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;

(C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;

(D) Availability of employment for which the parent is qualified;

(E) Prevailing wage rates in the local area;

(F) Special skills or training; and

(G) Whether the parent is realistically able to earn imputed income.

(xii) Whether or not either parent has violated any provision of the divorce decree, including visitation provisions, if deemed relevant by the court; and

(xiii) Other factors deemed relevant by the court.

Wyo. Stat. Ann. § 20–2–307(b) (LexisNexis 2007). The district court found the lack of relationship between Father and Child supported deviation under subsections (ix) and (xiii).

[¶ 10] For purposes of this discussion, we will overlook the conclusions about Child's feelings towards Father to which the district court jumped. Far more important for discussion by this Court is the fallacy of the district court's conclusion that the state of a parent-child relationship can serve as the basis for a deviation from the presumptive child support amount. In *Sharpe v. Sharpe*, 902 P.2d 210 (Wyo.1995), the Court held:

[L]ack of visitation and negative feelings between a noncustodial parent and child are not proper factors that a court may consider in determining whether to deviate from the presumptive support guidelines; such consideration is, therefore, an abuse of discretion. Visitation and child support are independent from one another; one may not be used to negate or reduce the duty relating to the other. In the case at bar, the district court abused its discretion when it determined that the magnitude of the negative feelings and the extent of the alienation that has occurred between the father and the children warranted a deviation from the presumptive child support.

*Id.* at 216. Nothing in this case compels us to deviate from this ruling.

[¶ 11] Father attempts to distinguish the instant case from *Sharpe* solely because the children at issue in *Sharpe* were minors whereas Child is an able-bodied adult. This alleged distinction is irrelevant in this case. The district court did not rely on § 20–2–307(b)(i), the age of Child, in making his ruling. The district court relied solely on the relationship, or what it determined to be the lack of relationship, between Father and Child. This is precisely what *Sharpe* prohibits. The relationship between Father and Child is not an allowable relevant factor as anticipated under § 20–2–307(b)(xiii).

[¶ 12] The district court's attempt to force its reasoning into § 20–2–307(b)(ix), the amount of time Child spends with each parent, is also legally faulty. All the provisions of § 20–2–307(b) exist to help a court determine the most equitable distribution of child support payments between parents. The amount of time a child spends with each parent is relevant in this context only in

regard to calculating the expenses each parent incurs when physically in custody of a child. A court cannot rely on this provision to fiscally punish a child.

## CONCLUSION

 [¶ 13] A parent is supposed to be a "financial resource" for his/her child. It is a responsibility of parenthood. This responsibility exists regardless of visitation or negative feelings between a parent and child. The district court erred when it used these criteria as the basis for deviating from the presumptive child support established under § 20–2–304. The district court's decision is reversed. This case is remanded for further proceedings consistent with this opinion.