2011 WY 3

**Steve John GRENZ, Appellant, Respondent,**

v.

**The STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, CHILD SUPPORT ENFORCEMENT, Appellee (Petitioner).**

No. S–10–0089.

Supreme Court of Wyoming.

Jan. 11, 2011.

Representing Appellant: Sue Davidson, Aspen Ridge Law Offices, PC, Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Susan Kay Stipe, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Steve John Grenz, challenges a district court order modifying his child support payments. He contends the district court failed to provide him proper credit against his child support obligations for court-ordered abatements he had received. We find no error and affirm.

## *ISSUE*

[¶ 2] Mr. Grenz presents a single issue:

Did the district court err when it failed to follow and enforce the mandates of W.S. 20–2–305(f) and the abatement orders entered in this case and thereby commit an abuse of discretion?

The State phrases the issue as follows:

Did the district court properly exercise its discretion when it did not give Appellant credit against his future child support obligations for abatement amounts that he failed to utilize when they were granted?

## *FACTS*

[¶ 3] Mr. Grenz and Ms. Grenz were married in 1987. Two daughters were born as issue of the marriage. The older daughter was born in 1990 and the younger daughter

was born in 1993. The couple divorced in 1997. In the divorce decree, Ms. Grenz was awarded custody of the children subject to Mr. Grenz's visitation rights. Mr. Grenz was ordered to pay child support. In 1999, the district court issued an order modifying child support. The order required Mr. Grenz to pay $867.23 per month in child support for both children. Child support would be reduced to $619.12 per month when the child support obligation ended for the first child. The order also provided that Mr. Grenz's child support obligations would abate during visitation pursuant to the abatement statute. That statute presently states that "child support shall abate by one-half (1/2) of the daily support obligation for each day the noncustodial parent has physical custody of the child for whom support is due, provided that the noncustodial parent has custody of the child for fifteen (15) or more consecutive days." Wyo. Stat. Ann. § 20–2–305(a) (LexisNexis 2009).

[¶ 4]   Between 1998 and 2007, Mr. Grenz filed over twenty claims for abatement of child support. Most of the claims were granted. In all, Mr. Grenz received abatement orders totaling $8,312.54. Although the abatement claims were granted, and Mr. Grenz would have been entitled to reduce his subsequent child support payments, he never did so.

[¶ 5]   In June of 2009, pursuant to the modified decree, Mr. Grenz's child support obligations were automatically reduced to $619.12 per month. On August 6, 2009, the State filed a Petition for Modification of Support seeking to increase child support for the younger daughter. The petition alleged that modification was warranted due to changed financial circumstances of the parties and changes to the guidelines for calculating support payments. In response, Mr. Grenz filed a Motion to Dismiss, a Motion to Remit Overpayment, and a Motion for Stay. In general, he objected to any increase in the support obligation. Pertinent to this appeal, he sought credit for $15,329.84 in overpayments of his support obligations. The claim for credit included the $8,312.54 in abatements at issue in this appeal.

[¶ 6]   After holding a hearing and receiving supplemental information and argument, the district court granted the petition and increased Mr. Grenz's child support obligation to $962.66 per month. With regard to the unused abatements, the court found that "[t]he overpayments in this case, essentially amounting to the defendant not availing himself of Court-ordered abatements over the years, cannot now be counted legally or equitably against his future child support obligations." The court found that "[t]he history of approximately $8,000 in unused abatements, and the regular and timely payments of child support over many years convince this Court that retroactivity of this new child support amount should be ordered only to January 1, 2010." Mr. Grenz filed a timely appeal.

## STANDARD OF REVIEW

[¶ 7]   We apply an abuse of discretion standard in reviewing a district court's order on a petition to modify child support. *Steele v. Neeman*, 2009 WY 58, ¶ 7, 206 P.3d 384, 386 (Wyo.2009). In reviewing for an abuse of discretion, our primary consideration is the reasonableness of the district court's decision in light of the evidence presented. *Id.*

## DISCUSSION

[¶ 8]   Mr. Grenz asserts that he is entitled to have $8,312.54 in abatements refunded to him or used to reduce his future support obligations. The issue presented by Mr. Grenz is similar to one we addressed in *Starkey v. Starkey*, 2007 WY 106, 161 P.3d 515 (Wyo.2007). In that case, the father paid an extra $50.00 per month in an effort to pay off his child support obligation in advance, and eventually accumulated an overpayment balance of $2,885.70. He argued that his overpayment balance should have been credited against his future child support obligations. *Id.*, ¶ 6, 161 P.3d at 516–17. We concluded that the district court did not abuse its discretion in refusing to give the father credit for overpayment of his child support. *Id.*, ¶ 12, 161 P.3d at 518. After noting that "both [Wyoming] statutes and case law indicate a clear aversion to the

unilateral modification of child support orders," we held that "it is Father's obligation to pay the specified amounts according to the decree, and orders modifying it thereafter. Allowing an increase at one time and a reduction at another would simply lead to incongruity and disorder in the child support system." *Id.*, ¶¶ 9, 11, 161 P.3d at 518.

[¶ 9] We note at the outset that Mr. Grenz made overpayments totaling $15,329.84. Mr. Grenz concedes that $7,017.30 of that amount were voluntary overpayments, and that, based on our decision in *Starkey,* he cannot recover those payments or have them applied to his future support obligation. He asserts, however, that *Starkey* does not apply to the unused abatements. He contends that the unused abatements were not voluntary overpayments. We disagree.

[¶ 10] Over an eight-year period, Mr. Grenz received more than twenty orders granting abatements, totaling in excess of $8,000.00. After receiving the abatement orders, however, Mr. Grenz did not reduce his payments to reflect the abatement amounts, but rather continued to pay the full amount of his child support. Until raising the issue in this case, he never requested a refund of any overpayment. The only explanation for Mr. Grenz's behavior is provided in his statement of the evidence, which sets forth a colloquy from the district court's hearing:

> COURT: [Counsel], why didn't your client request his overpayments before now?
>
> [COUNSEL]: The issue really had not come up before his ex-wife wanted to modify his child support. But when he was asked by the Clerk of Court's office one time what he wanted to have done with an abatement check, he said he wanted that money to be sent to his ex-wife to help with his girls.[1]

In light of Mr. Grenz's knowledge of the abatement orders, his failure to adjust his child support payments according to those orders, and the statement that he intended for the abatement amounts to be used for his daughters' support, we conclude that the unused abatements are the equivalent of voluntary overpayments of child support obligations. For the same reasons identified in *Starkey,* Mr. Grenz is not entitled to have those amounts refunded or used to reduce his future support obligations.

[¶ 11] Mr. Grenz argues that the district court ignored the prescriptive mandate of the word "shall" in Wyo. Stat. Ann. § 20–2–305(f) and ignored the use of the word "shall" in the abatement orders by failing to award a refund or reduce his future child support payments. Mr. Grenz contends that, based on the language of both versions of the statute and the orders, the district court clerk was responsible for ensuring that he received proper credit for his abatements.

[¶ 12] At the time Mr. Grenz began receiving credit for child support abatements, the abatement statute provided, in relevant part, as follows:

> (a) Unless otherwise ordered by the court, child support shall abate by one-half (1/2) of the daily support obligation for each day the noncustodial parent has physical custody of the child for whom support is due, provided that the noncustodial parent has custody of the child for more than fourteen (14) consecutive days. Overnight and weekend visits with the custodial parent shall be disregarded in computing abatement.

Wyo. Stat. Ann. § 20–2–305(a) (LexisNexis 2001). During the time this version of the statute was in effect, the orders from the district court granting abatement to Mr. Grenz stated that the district court clerk "shall enter said abatement upon the child support records ... [I]f there is no Income Withholding Order this amount shall be treated as a credit on future child support obligations."

---

**1.** Mr. Grenz's statement of the evidence was based on his recollection and was subject to the district court's approval pursuant to W.R.A.P. 3.03. In its Order on Settlement of Record, the district court stated that "[t]he Court does not recall specifically, but would concede that [Mr. Grenz's] description of the colloquy between counsel and the Court might be accurate." Mr. Grenz relied upon the statement of the evidence in his appellate brief and we have accepted the statement for purposes of this appeal.

[¶ 13] In 2003, the abatement statute was amended and subsection (f) was added. That section specifies that if there are no child support arrearages, the abatement amount is to be reduced from the next scheduled child support payment:

> (f) Abatement amounts shall be applied to any current child support due and then to any arrearage balance owed to the custodial parent for past-due child support. If there is no arrearage and no objection was filed within the thirty (30) day period for objections, or if there is no arrearage and a notice of immediate approval was filed prior to the expiration of the thirty (30) day period for objections, the abatement amount shall be reduced from the next scheduled payment of child support.

Wyo. Stat. Ann. § 20–2–305(f) (LexisNexis 2009). Consistent with this amendment, the orders granting abatement to Mr. Grenz after 2003 provided that the district court clerk "shall enter said abatement upon the child support records by ... crediting the amount from the next scheduled payment of current child support, then applying the balance to arrearage, if any. (No Income Withholding Order.)"

[¶ 14] Both versions of the abatement statute are clear as to the process for obtaining an abatement order. However, neither specifies how the abatement is to be applied to the support obligations of the noncustodial parent when, as in the present case, no income withholding order is in place and child support payments are not in arrears. There is no language in the statutes or orders which requires the district court clerk to ensure that Mr. Grenz reduced his child support payment by the abatement amount. The district court clerk was required to "enter said abatement upon the child support records." The record in this case establishes that the clerk fulfilled this obligation.

[¶ 15] The abatements, along with Mr. Grenz's regular child support payments and periodic overpayments, were entered in the Parental Obligation System for Support Enforcement (POSSE), the system used by the district court clerks and child support enforcement to keep track of payments made toward child support obligations. The POSSE records show that Mr. Grenz accumulated $15,329.84 in "Futures," which includes the total amount of his abatements, as well as $7,017.30 in voluntary overpayments. The fact that the future credits are recognized in the child support records, however, does not distinguish the present case from *Starkey*. In *Starkey*, the child support records also reflected Mr. Starkey's overpayments. *See Starkey*, ¶ 4, 161 P.3d at 516 (noting that the district court found that Mr. Starkey had an overpayment balance of $2,885.70).

[¶ 16] There are also compelling policy reasons for denying credit for abatements that have accumulated over the course of an eight-year period. It is important to note that a child support obligation "inures to the benefit of the child, not the custodial parent." *Pasenelli v. Pasenelli*, 2002 WY 159, ¶ 8, 57 P.3d 324, 327 (Wyo.2002).

> We have consistently stated that child support is for the benefit of the children, and that the custodial parent stands in the shoes of a trustee who administers the money for the exclusive benefit of the children based upon their needs and welfare. A child's right to adequate support cannot be bargained away by a contract between the parents regardless of the validity of the agreement between the parents themselves. This is a bright-line rule from which we have not wavered.

*Kimble v. Ellis*, 2004 WY 161, ¶ 8, 101 P.3d 950, 953 (Wyo.2004) (citations omitted). Given that child support is for the exclusive benefit of the child, it would be inequitable to allow child support to be increased at one time and reduced at another, as the child would be without needed support during periods when payments are reduced or terminated. Indeed, this was the thrust of our decision in *Starkey*. This inequity is especially pronounced in situations similar to the case at hand, where the younger child would be forced to bear reduced support payments after the older child reaches the age of majority. In this case, although both children received the benefit of increased payments during periods of overpayment, only the younger daughter would be impacted by the corresponding reduction in support that

would result from granting credit for unused abatements.

[¶ 17] Finally, we note that the district court did provide Mr. Grenz some credit for his overpayments. Wyo. Stat. Ann. § 20–2–311(d)(ii) (LexisNexis 2009) provides that the district court may enter its order modifying child support retroactive to the date the initial motion for modification was served on the noncustodial parent. In this case, the motion to modify was served on August 19, 2009, and the order modifying child support was entered on January 13, 2010. The district court, however, found that retroactivity of the new child support amount should be ordered only to January 1, 2010. Although the district court could have assessed approximately $1,700.00 in additional retroactive child support, it declined to do so in light of the "history of approximately $8,000 in unused abatements, and the regular and timely payments of child support over many years...."

[¶ 18] We conclude that the court did not abuse its discretion in denying Mr. Grenz credit for unused child support abatements. Affirmed.